DECISION AND JUDGMENT ENTRY
Ronald Mills argues that the trial court erred in granting custody of his two children to his ex-wife, Peggy Sue Mills in a habeas corpus proceeding. Because we find that Mr. Mills has appealed from an order that is not final and appealable, we dismiss the appeal.
 I.
In May 2000, we dismissed a previous appeal of this case because the trial court had failed to issue a child support order after placing the children with Mrs. Mills by denying Mr. Mills' motion for a writ of habeas corpus and for the return of his children to his custody. See Inre Mills (May 31, 2001) Scioto App. No. 99CA2664, unreported ("Mills1").[2] In so doing, we held that for a decision of a juvenile court on the custody of children in a habeas corpus proceeding to be final, the juvenile court must issue a child support order. Because the trial court had attempted to certify the issue of child support to the domestic relations division of the Scioto County Court of Common Pleas, we found that the juvenile court's decision was not final and appealable.
On remand, the juvenile court did not issue a child support order. Instead, on July 28, 2000, Mr. Mills moved in the habeas corpus proceeding for an emergency order of custody alleging that Mrs. Mills had abused the children and that one of the children had attempted suicide. Mr. Mills supplemented this motion on July 31, 2000.
On November 7, 2000, the trial court dismissed Mr. Mills' motion for emergency custody of the children because the Scioto County Children Services Board ("The Board") had made the same allegations and had received custody of the children in separate proceedings in the juvenile court.
In his notice of appeal, Mr. Mills alleged for the first time that the grant of custody of the children to The Board in these separate proceedings rendered the child support issue moot in this case. He asserted that because the child support issue was moot, the order that he appealed in Mills 1 was now final and appealable.
On November 8, 2001, we ordered the parties to file supplemental briefs on the issue of whether this appeal was moot because The Board had custody of the children. On November 15, Mr. Mills filed his brief alleging that the appeal is not moot because the children are now in the custody of Mrs. Mills. In her response, Mrs. Mills agreed that she has custody of the children. She asserted that the appeal is moot and relied on an agreed judgment entry, which she attached to her brief, from a proceeding in the Domestic Relations Division of the Scioto County Court of Common Pleas.
Initially, we must determine whether the trial court's judgment entry is a final appealable order. It is well established that an appellate court does not have jurisdiction to review an order that is not final and appealable. See Section 3(B)(2), Article IV of the Ohio Constitution;General Acc. Ins. Co. v. Insurance Co. of North America (1989),44 Ohio St.3d 17; Noble v. Colwell (1989), 44 Ohio St.3d 92. When an action includes multiple claims or parties and an order disposes of fewer than all of the claims, rights and liabilities, or fewer than all of the parties without certifying under Civ.R. 54(B) that there is no just cause for delay, the order is not final and appealable. Noble, supra; Jarrettv. Dayton Osteopathic Hosp., Inc. (1985), 20 Ohio St.3d 77. We must suasponte dismiss an appeal that is not from a final appealable order.Whitaker-Merrell v. Geupel Constr. Co. (1972), 29 Ohio St.2d 184.
As we found in Mills 1, the decision of the juvenile court from which Mr. Mills appeals is not a final appealable order.[3] The parties are in the same situation as they were in the previous appeal.[4] Therefore we have no choice but to dismiss this appeal again. Mr. Mills may appeal only after the trial court has issued a child support order.[5] If no such order is forthcoming from the trial court, Mr. Mills has remedies such as mandamus available to him.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and Harsha, J.: Concur in Judgment and Opinion.
[2] See Mills 1 for a detailed summary of the proceedings below.
[3] In Mills 1 we stated:
 We have previously held that a judgment that defers the issue of child support for future determination does not constitute a final appealable order. In re Stiffler (Dec. 14, 1993), Highland App. No. 93CA830, unreported; Ackley v. Ackley (June 18, 1993), Ross App. No. 1924, unreported; [See, also,] Shivley v. Shivley (Sept. 22, 1994) Franklin. App. No. 94AP(02-249, unreported.
[4] We note that it appears from the document attached to Mrs. Mills' supplemental brief that the parties have agreed that there be no duty of support owed by either party. However, App.R. 9(A) limits our consideration to "original papers and exhibits thereto filed in the trial court." Consequently, we cannot consider the agreed judgment entry attached to Mrs. Mill's supplemental brief because it was not filed in the trial court (juvenile court). See State v. Callihan (1992),80 Ohio App.3d 184, 197.
[5] We note that a certified copy of the agreed judgment entry filed on September 8, 2001 in case number 97-DR-314 may satisfy this requirement if it is properly filed in this case.