DECISION AND JUDGMENT ENTRY
Amanda M. Cross and Carla DeMint appeal the judgment of the Adams County Court of Common Pleas, which granted summary judgment to Cincinnati Insurance Company ("Cincinnati Insurance") and to Federated Rural Electric Insurance Exchange ("Federated Insurance"). Because we find that Cross and DeMint appealed an order that did not dispose of all of the claims at issue, we must dismiss their appeal.
 I.
In 1997, Janelle DeMint accidentally drove her mother's car into a utility pole. Amanda Cross was a passenger in this car and suffered injuries as a result of the accident. Janelle DeMint and Cross are cousins. Janelle DeMint was covered by an insurance policy issued by State Auto Mutual Insurance Company ("State Auto"). Cross was a "covered person" under a policy issued to her mother, Carla DeMint, by Cincinnati Insurance.
At the time of the accident, Carla DeMint worked at Adams Rural Electric Co-op, Inc. ("The Co-op"). The Co-op had auto coverage, including underinsured motorist coverage, with Federated Insurance.
In 1999, Amanda Cross, by and through her next friend and mother, Carla DeMint, and Carla DeMint sued Cincinnati Insurance and State Auto. In its answer, State Auto cross-claimed against Cincinnati Insurance seeking contribution or indemnification.
In May 2000, Cross and DeMint moved for a partial summary judgment on the issue of underinsured motorist coverage, Cincinnati Insurance moved for summary judgment, and State Auto asked the trial court to declare the limits of its coverage. The trial court determined that the motions for summary judgment were premature because a jury had not rendered a verdict awarding Cross and DeMint any damages.
In November 2000, the trial court substituted Amanda Cross for Carla DeMint on the claims Carla DeMint asserted on behalf of her daughter because she had reached the age of majority. Thus, both Cross and DeMint were individual plaintiffs.
In February 2001, the trial court granted Cross and DeMint leave to amend their complaint to add Federated Insurance as a defendant. In its answer to the amended complaint, State Auto cross-claimed against Federated Insurance arguing that it was entitled to contribution or indemnification from Federated Insurance and asserted that Federated Insurance's policy was primary. In its answer, Federated Insurance cross-claimed against Cincinnati Insurance and State Auto.
On May 15, 2001, Cross, DeMint and Federated filed a "Stipulation Regarding Plaintiffs' Settlement with Janelle DeMint and Frank DeMint and Defendant Federated [Insurance's] Insurance Policy." In this stipulation, Cross and DeMint admitted among other things that in exchange for a $94,730.45 payment from State Auto, they had released and discharged all of their claims against Janelle DeMint and her father, Frank DeMint.
On May 30, 2001, Federated Insurance moved for summary judgment on all claims brought against it arguing that Cross and DeMint were not entitled to coverage because they settled with and released the alleged tortfeasor from liability without notifying Federated Insurance and did not notify Federated Insurance of their claim as required by the insurance policy.
On May 31, 2001, the trial court filed an "Agreed Entry." The entry was captioned as "Amanda M. Cross, A Minor, by and Through Carla DeMint, Her Mother and Next Friend, and Carla DeMint v. The Cincinnati Insurance Co. et al." and stated in its entirety:
Come now the parties, by and through counsel, and hereby agree and stipulate that all claims of the Plaintiff, CARLA DEMINT, are dismissed against the Defendant, State Automobile Insurance Mutual Insurance Company. The Court being sufficiently advised, it is HEREBY ORDERED that the claims of Plaintiff, Carla DeMint, against the Defendant, State Automobile Insurance Mutual Insurance Company are dismissed WITH PREJUDICE.
After the parties filed numerous responsive motions to Federated Insurance's motion for summary judgment, the trial court issued a journal entry. In this entry, the trial court granted summary judgment to Federated Insurance on the basis that Cross and DeMint failed to comply with the policy's notification requirements. The trial court also found that State Auto was not entitled to contribution from Federated Insurance and has no subrogation rights against Federated Insurance. The trial court also considered Cincinnati Insurance's motion for summary judgment, which it had earlier denied as premature. The trial court determined that there were no genuine issues of material fact and that Cincinnati Insurance was entitled to judgment as a matter of law given two recent court decisions. Accordingly, the trial court granted summary judgment to Cincinnati Insurance.
Cross and DeMint appeal this journal entry and assert the following error:
 The trial court erred in granting appellees' motions for summary judgment.
Upon our request, Cross and DeMint filed a memorandum on the issue of the prematurity of their appeal. In it, they argue that the trial court's journal entry disposed of all of the claims because the trial court believed that the May 31, 2001 entry dismissed both DeMint's and Cross's claims.
 II.
Initially, we must determine whether the trial court's judgment entry is a final appealable order. It is well established that an appellate court does not have jurisdiction to review an order that is not final and appealable. See Section 3(B)(2), Article IV of the Ohio Constitution;General Acc. Ins. Co. v. Insurance Co. of North America (1989),44 Ohio St.3d 17; Noble v. Colwell (1989), 44 Ohio St.3d 92. When an action includes multiple claims or parties and an order disposes of fewer than all of the claims or rights and liabilities of fewer than all of the parties without certifying under Civ.R. 54(B) that there is no just cause for delay, the order is not final and appealable. Noble, supra; Jarrettv. Dayton Osteopathic Hosp., Inc. (1985), 20 Ohio St.3d 77. We must suasponte dismiss an appeal that is not from a final appealable order.Whitaker-Merrell v. Geupel Constr. Co. (1972), 29 Ohio St.2d 184.
Here, we find that the trial court's order was not final because it did not dispose of all of the claims at issue. Although the record indicates that Cross released the alleged tortfeasor, who was insured by State Auto, there is nothing in the record to indicate that she has dismissed her claims against State Auto Insurance Company. We cannot construe DeMint's May 31, 2001 dismissal of her claims against State Auto Insurance Company as a dismissal of Cross's claims as Cross and DeMint assert because after November 2000, DeMint was no longer Cross's representative and because the entry was phrased in the terms of a singular plaintiff dismissing her claims. Thus, Cross' claims against State Auto were not resolved by the journal entry which Cross and DeMint appealed and are still pending. Because the journal entry Cross and DeMint appealed disposed of fewer than all of the claims and did not certify under Civ.R. 54(B) that there was no just cause for delay, the journal entry is not final and appealable. Accordingly, we must dismiss this appeal for lack of a final appealable order.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that Appellees recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J.: Dissent.
Evans, J.: Concurs in Judgment Only.