JARRETT, EXRX., APPELLANT, *v.* DAYTON OSTEOPATHIC HOSPITAL, INC. ET AL.; MUCCI, APPELLEE.

[Cite as Jarrett *v.* Dayton Osteopathic Hosp., Inc. (1985), 20 Ohio St. 3d 77.]

(No. 85-567—Decided December 4, 1985.)

*Lang, Horenstein & Dunlevey, Wilbur S. Lang, Carmine Garofalo* and *Robert M. O'Neal,* for appellant.

*Wiles, Doucher, Van Buren, Boyle & Casey Co., L.P.A., Daniel G. Wiles* and *W. Charles Curley,* for appellee.

WRIGHT, J. The trial court's entry of judgment against Mucci was not a final order. When an order "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties [it] shall not terminate the action * * * and the order * * * is subject to revision at any time before

the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Civ. R. 54(B). An entry of judgment involving fewer than all of the claims or parties is not final unless the court expressly determines that there is "no just reason for delay." *Id.*

Because the judgment entry against Mucci did not adjudicate the liabilities of all the parties and it did not contain the Civ. R. 54(B) words of "no just reason for delay," it was subject to modification. Mucci's motion for relief was improperly labeled a Civ. R. 60(B) motion because it did not seek relief from a final judgment. The motion and the trial court's order vacating the judgment were instead authorized by Civ. R. 54(B).

An order vacating a judgment that was entered against less than all the parties and in which the trial court did not make an express determination that there was "no just reason for delay" is not a final, appealable order.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, CONNORS and DOUGLAS, JJ., concur.

CONNORS, J., of the Sixth Appellate District, sitting for C. BROWN, J.