This is an appeal from a Portsmouth Municipal Court judgment in favor of Linda G. Whisman, defendant below and appellee herein. The court found that appellee is the rightful owner of a 1991 Chevrolet Camaro.
Roger E. Turner, III, plaintiff below and appellant herein raises the following assignments of error for review:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT MR. TURNER'S MOTOR VEHICLE HAD BEEN PROPERLY TRANSFERRED TO THE DEFENDANT/APPELLEE, AND NOT FINDING IN FAVOR OF MR. TURNER AS A MATTER OF LAW."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW IN NOT FINDING THAT MR. TURNER WAS THE LEGAL OWNER OF THE VEHICLE IN FINDING IN FAVOR OF DEFENDANT/APPELLEE."
Our review of the record reveals the following facts pertinent to the instant appeal. On December 22, 1997, appellant filed a complaint in the Portsmouth Municipal Court against appellee and against the Village of New Boston. In his complaint, appellant claimed that appellee forged his signature on a Virginia Certificate of Title and fraudulently transferred the vehicle into her name. Appellant noted that the Village of New Boston had impounded the vehicle. Appellant requested the trial court to order the Village of New Boston to return the vehicle to him or to grant him money damages.
On July 15, 1998, the trial court held a hearing on the complaint. On July 21, 1998, the trial court found in appellee's favor. Appellant filed a timely notice of appeal.
Initially, we must address a threshold jurisdictional issue. If the judgment entered below does not constitute a final appealable order, then we, as an appellate court, do not have jurisdiction over this appeal. Ohio law provides that appellate courts have jurisdiction to review the final orders or judgments of inferior courts in their district. See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. A final order or judgment is one which affects a substantial right and, in effect, determines the action. R.C. 2505.02. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed. In the event that this jurisdictional issue is not raised by the parties involved with the appeal, then we must raise it sua sponte. See Chef Italiano Corp. v. Kent StateUniv. (1989), 44 Ohio St.3d 86, 541 N.E.2d 64, syllabus;Whitaker-Merrell v. Geupel Co. (1972), 29 Ohio St.2d 184, 186,280 N.E.2d 922.
An order adjudicating one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) in order to constitute a final appealable order.State ex rel. AD Limited Partnership v. Keefe (1996), 77 Ohio St.3d 50, 671 N.E.2d 13; Chef Italiano Corp. Civ.R. 54(B) provides:
 "When more than one claim for relief is presented in an action * * *, whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
As the Ohio Supreme Court stated in AD Partnership, 77 Ohio St. 3
d at 56, 671 N.E.2d 213: "Civ.R. 54(B) must be followed when a case involves multiple claims and/or multiple parties.State ex rel. Wright v. Ohio Adult Parole Auth. (1996), 75 Ohio St.3d 82,85, 661 N.E.2d 728, 731." See, also, Jarrett v.Dayton Osteopathic Hosp., Inc. (1985), 20 Ohio St.3d 77,486 N.E.2d 99, syllabus ("An order vacating a judgment that was entered against less than all the parties and in which the trial court did not make an express determination that there was 'no just reason for delay' is not a final appealable order.").
In the case at bar, appellant asserted claims against multiple parties. The trial court's entry granting judgment in appellee's favor does not, however, resolve appellant's claims against the Village of New Boston. Consequently, the trial court's judgment does not constitute a final appealable order and, thus, we do not have jurisdiction to review appellant's appeal.
Accordingly, based upon the foregoing reasons we dismiss the instant appeal.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Portsmouth Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Evans, J.: Concur in Judgment Opinion
For the Court
 BY: _____________________ Peter B. Abele, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.