Plaintiffs-appellants, Safe Auto Insurance Company ("Safe Auto"), Danielle Smith, and Crystal Smith ("the Smiths"), appeal a decision of the Franklin County Municipal Court granting a "Motion for Relief from Summary Judgment" in favor of Kathleen Perry, defendant-appellee.
On January 25, 1997, the Smiths were injured in an automobile accident as a result of a collision caused by appellee's alleged negligence. On January 22, 1999, appellants filed a complaint against appellee, Larry Perry, and Larry Perry Construction. In the complaint, appellants alleged that appellee "negligently operated a motor vehicle in such a manner as to cause damage to [Crystal Smith's] motor vehicle and to injure Crystal Smith and Danielle Smith." Safe Auto was required to pay Crystal $8,000 and Danielle $3,000 pursuant to an automobile insurance policy Crystal had with Safe Auto. Appellants further alleged that Larry Perry and Larry Perry Construction were jointly and severally liable because appellee "was an employee of and/or agent of Larry Perry Construction and/or Larry Perry dba Larry Perry Construction and was acting in the course and scope of her employment and/or agency at all times material herein."
On June 29, 1999, appellants gave notice to the court that interrogatories, request for admissions, and request for production of documents had been served upon appellee. On October 7, 1999, appellants filed a motion for summary judgment against appellee arguing that there were no genuine issues of material fact and that they were entitled to judgment as a matter of law. Appellants claim there were no genuine issues of material fact because appellee "failed to answer, object, or otherwise respond to [appellants'] Request for admissions." Appellants argue that pursuant to Civ.R. 36, the matters set forth in the request for admissions were to be deemed as admitted. Appellants' request for admissions included questions regarding whether appellee was negligent and, therefore, liable for damages incurred as a result of the accident. On November 12, 1999, the trial court granted appellants' motion for summary judgment holding that appellee was liable to appellants in the amount of $13,125.
On January 26, 2000, appellants filed a motion for summary judgment against Larry Perry. In their motion, appellants similarly alleged that there were no genuine issues of material fact because Larry Perry "failed to answer, object, or otherwise respond to [appellants'] Request for admissions, which were served upon [Larry Perry] on December 20, 1999."
Appellee filed a motion pursuant to Civ.R. 60(A) and (B) on January 31, 2000, to vacate the trial court's decision granting appellants' motion for summary judgment. Also on January 31, 2000, the trial court filed an "Entry Nunc Pro Tunc" which stated:
 The Judgment Entry filed November 12, 1999 is to be amended as follows:
 Upon [appellants'] Motion for Summary Judgment and for good cause shown, and upon the pleadings and admissions, this Court hereby finds the motion well taken and hereby sustains the same.
 [Appellants] shall recover from Defendant Larry Perry the sum of $13,125.00, plus interest at the rate of 10% per annum from October 28, 1999, and costs.
 The Court hereby directs the Municipal Court Clerk to serve upon all parties notice of this judgment and its date of entry upon the journal.
On February 1, 2000, appellants filed a notice stating that Larry Perry had filed his answers to their request for interrogatories, admissions, and production of documents. On February 14, 2000, appellants filed a motion pursuant to Civ.R. 60(A) to correct a clerical mistake in the January 31, 2000 nunc pro tunc entry. Appellants claimed that the entry should have stated that judgment should be entered against appellee and not Larry Perry. On February 29, 2000, appellee filed a notice of appeal for the "trial court `Judgment Entry' filed January 31, 2000, and the denial of [appellee's] Rule 60(A)(B) Motion for Relief Advise to Vacate the Court's Summary Judgment Entry." Appellee's appeal was assigned Franklin appellate number 00AP-230.
On March 1, 2000, the trial court filed an entry granting appellants' February 14, 2000 motion to correct a clerical mistake. The court stated in its entry that the "[e]ntry filed January 31, 2000 is hereby corrected to reflect that judgment be granted to [appellants] against Defendant Kathleen Perry, not Defendant Larry Perry." On May 30, 2000, the trial court filed another entry which stated:
 This matter came on to be heard upon [appellee's] Motion for Relief from Summary Judgment.
 After due consideration of the matters contained therein, the Court finds [appellee's] motion well taken and sustains the same. Therefore, Summary Judgment granted against [appellee] is hereby vacated and held for naught.
 The Assignment Commissioner is directed to set this matter for Court Trial.
Appellants' appeal is based upon the trial court's May 30, 2000 entry granting appellee's Civ.R. 60 motion. However, in order for this court to have jurisdiction to review the trial court's May 30, 2000 entry, it is necessary for us to first determine whether the vacated November 12, 1999 judgment entry was a final appealable order.
 Ordinarily, a grant or denial of a genuine Civ.R. 60(B) motion is a final appealable order. However, this rule presumes that the underlying order under challenge by a movant's Civ.R. 60(B) motion is, itself, a final appealable order. * * * [A] movant cannot be permitted to use a Civ.R. 60(B) motion to turn "an unappealable event into an appealable event." * * * Otherwise, any order of a trial court that is not a final, appealable order could be converted into a final appealable order by the simple expedient of moving, unsuccessfully, for relief from that order. * * * [T]he denial of relief from a non-final order is, itself, not a final appealable order. Wolf v. Associated Materials (Aug. 15, 2000), Ashland App. No. 00C0A01350, unreported [citations omitted].
As stated in Lindsey v. Rumpke (Nov. 16, 2000), Franklin App. No. 00AP-426, unreported, "[b]ecause the trial court's * * * default judgment was not a final appealable order, the entry vacating that interlocutory judgment is not a final appealable order."
We have already held that the January 31, 2000 entry amending the November 12, 1999 entry was not a final appealable order. We previously stated in our April 12, 2000 journal entry dismissing appellee's appeal that "[a] review of the record indicat[es] that [appellants'] claims against defendant Larry Perry remain pending, and there being no express determination pursuant to Civ.R. 54(B) that there is no just reason for delay, this appeal is sua sponte dismissed for lack of a final appealable order." Safe Auto Ins. Co. v. Perry (Apr. 12, 2000), Franklin App. No. 00AP-230, unreported. According to the law-of-the-case doctrine, the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. State ex rel. Baker v. StatePersonnel Bd. of Review (1999), 85 Ohio St.3d 640, 642. Therefore, we must similarly conclude that neither the November 12, 1999 nor the January 31, 2000 entries were final appealable orders.
Subsequent to January 31, 2000, the trial court entered an entry on March 1, 2000, granting appellants' February 14, 2000 motion to correct a clerical mistake by changing the January 31, 2000 entry "to reflect that judgment be granted to [appellants] against Defendant Kathleen Perry, not Defendant Larry Perry." However, a review of the record shows that the trial court had not disposed of all claims against Larry Perry and Larry Perry Construction at the time it filed the entry. "[A]n order resolving fewer than all the claims or the rights and liabilities of fewer than all the parties must satisfy the requirements of Civ.R. 54(B) by containing express determination that `there is no just reason for delay' to qualify as a final appealable order." Raphael v. Brigham (Nov. 9, 2000), Franklin App. No. 00AP-328, unreported, following Chef Italiano Corp. v. Kent StateUniv. (1989), 44 Ohio St.3d 86, syllabus. Therefore, the March 1, 2000 entry also cannot be considered a final appealable order.
Accordingly, we find that the November 12, 1999, January 31, 2000, and March 1, 2000 entries were not final appealable orders. Therefore, the trial court's May 30, 2000 entry reversing its decision to grant summary judgment against appellee is not a final appealable order. Our decision is also consistent with the following principles: A Civ.R. 60(B) motion is generally, by its terms of the Civil Rules, reserved for final orders or judgments. Wolf v. Associated Materials (Aug. 15, 2000), Ashland App. No. 00C0A01350, unreported. Since the summary judgment decision was not a final order or judgment, appellee's Civ.R. 60(B) motion in truth "was improperly labeled a Civ.R. 60(B) motion because it did not seek relief from a final judgment." Jarrett v. Dayton Osteopathic Hosp., Inc.
(1985), 20 Ohio St.3d 77, 78. Therefore, an order vacating judgment that was entered against less than all the parties and in which the trial court did not include the language required by Civ.R. 54(B), is not a final appealable order. Jarrett, syllabus. In the present case, the trial court never lost jurisdiction to review its decision regarding appellants' summary judgment motion.
We note that if Larry Perry and Larry Perry Construction had been dismissed as a party prior to May 30, 2000, this court would have had jurisdiction to review the May 30, 2000 entry because, with the dismissal of the remaining defendants, the November 12, 1999 entry would have become a final appealable order.[1] We further note that since the entry that was vacated by the trial court was not a final judgment, the trial court's May 30, 2000 entry was an interlocutory order. A court retains jurisdiction to reconsider an interlocutory order at any time before the entry of final judgment in a case, either sua sponte or upon motion. Gismondi v. MT Mortgage Corp. (Apr. 13, 1999), Franklin App. No. 98AP-584, unreported, discretionary appeal not allowed (1999),86 Ohio St.3d 1466. Even though appellants' appeal is being dismissed, appellants are not foreclosed from being allowed to argue the merits of the trial court's May 30, 2000 entry. "[A]ll interlocutory orders and decrees are merged into the final judgment, and as such, an appeal from the final judgment brings up all interlocutory rulings so merged with it." Bard v. Society National Bank (Sept. 10, 1998), Franklin App. No. 97APE11-1497, unreported, following Horner v. Toledo Hosp. (1993),94 Ohio App.3d 282, 289.
Accordingly, we sua sponte dismiss appellants' appeal. We find that we do not have jurisdiction to review the trial court's May 30, 2000 entry because it is not a final appealable order.
Appeal dismissed.
BRYANT, P.J., and BOWMAN, J., concur.
[1] On June 20, 2000, appellants voluntarily dismissed Larry Perry and Larry Perry Construction as defendants in the present case pursuant to Civ.R. 41(A). However, their dismissal occurred after the trial court re-instated appellee as a party defendant.