DECISION AND JUDGMENT ENTRY
This is an appeal from a Jackson County Common Pleas Court summary judgment in favor of Western Reserve Mutual Casualty Company/Lightning Rod Mutual Insurance Company, defendants below and appellees herein.
Lori B. McGhee, plaintiff below and appellant herein, raises the following assignment of error:
 "THE TRIAL COURT ERRED IN FINDING THAT NO UM/UIM COVERAGE EITHER, [SIC] EXPRESSLY OR IMPLIED BY OPERATION OF LAW, EXISTS UNDER PLAINTIFF-APPELLANT'S HOMEOWNER'S POLICY."
On March 23, 2000, appellant filed a complaint against the following parties: (1) Billy F. Dalton; (2) Sherri A. Dunaway; (3) Western Reserve Mutual Casualty Insurance Company; (4) Lightning Rod Mutual Insurance Company; (5) St. Paul Mercury Insurance Company;[2] (6) Motorist Mutual Insurance Company; (7) American Hardware Mutual Insurance Company; and (8) five John Does. Appellant's complaint included claims for negligent entrustment, uninsured/underinsured motorist coverage under automobile liability policies, and uninsured/underinsured motorist coverage under a homeowner's policy of insurance issued by appellees.
Appellant and appellees subsequently filed cross-motions for summary judgment. On February 9, 2001, the trial court granted appellees' motion for summary judgment. The trial court's judgment entry did not, however, include an express finding of "no just reason for delay" pursuant to Civ.R. 54(B). On February 23, 2001, appellant filed a notice of appeal.
Initially, we must address a threshold jurisdictional issue. If the judgment entered below does not constitute a final appealable order, then we, as an appellate court, do not have jurisdiction over this appeal. Ohio law provides that appellate courts have jurisdiction to review the final orders or judgments of inferior courts in their district. See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. A final order or judgment is one which affects a substantial right and, in effect, determines the action. R.C. 2505.02. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed. In the event that this jurisdictional issue is not raised by the parties involved with the appeal, then we must raise it sua sponte. See Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, 541 N.E.2d 64, syllabus; Whitaker-Merrell v. GeupelCo. (1972), 29 Ohio St.2d 184, 186, 280 N.E.2d 922.
An order adjudicating one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) in order to constitute a final appealable order. State ex rel. AD Limited Partnership v. Keefe
(1996), 77 Ohio St.3d 50, 671 N.E.2d 13; Chef Italiano Corp. Civ.R. 54(B) provides:
 When more than one claim for relief is presented in an action * * *, whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
As the Ohio Supreme Court stated in AD Partnership,77 Ohio St.3d at 56, 671 N.E.2d 13: "Civ.R. 54(B) must be followed when a case involves multiple claims and/or multiple parties. State ex rel. Wright v. OhioAdult Parole Auth. (1996), 75 Ohio St.3d 82, 85, 661 N.E.2d 728, 731." See, also,Jarrett v. Dayton Osteopathic Hosp., Inc. (1985),20 Ohio St.3d 77, 486 N.E.2d 99, syllabus ("An order vacating a judgment that was entered against less than all the parties and in which the trial court did not make an express determination that there was `no just reason for delay' is not a final appealable order.").
In the case at bar, appellant asserted claims against multiple parties. The trial court's summary judgment in appellees' favor does not, however, resolve appellant's claims against the remaining defendants. Consequently, the trial court's judgment does not constitute a final appealable order and we do not have jurisdiction to review the instant appeal.
JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Evans, J.: Concur in Judgment Opinion
[2] In its answer, St. Paul noted that the complaint improperly designated it as St. Paul Fire and Marine Insurance Company.