OPINION
Appellant Junior Feister appeals the decision of the Tuscarawas County Court of Common Pleas that granted summary judgment on behalf of Appellee Wilford Miller, the Executor of the Estate of Albert Van Lehn. The following facts give rise to this appeal.
For a number of years prior to his death, the decedent, Albert Van Lehn, needed assistance due to physical infirmities. In 1993, Judy Feister, appellant's wife, became employed by Mr. Van Lehn to oversee his residence and health care. On February 23, 1994, Mr. Van Lehn appointed Judy Feister power of attorney over his affairs. In 1996 or 1997, Judy Feister contacted Attorney Wilford Miller about two vehicles she claimed Mr. Van Lehn wanted to give to her. Attorney Miller explained to Mrs. Feister that if Mr. Van Lehn wanted to give the vehicles to her, Mr. Van Lehn would need to sign the titles and have them notarized.
Thereafter, the New Philadelphia Police Department notified Attorney Miller that Judy Feister may have been involved in a crime against Mr. Van Lehn.[1] On November 13, 1997, Mr. Van Lehn signed a revocation of power of attorney and on November 14, 1997, granted Glenn Durmann power of attorney over his affairs. Mr. Durmann suggested to Mr. Van Lehn that he sell the two vehicles as they were depreciating assets and funds from the sale could be used for Mr. Van Lehn's continuing home health care. Mr. Van Lehn adamantly opposed selling the two vehicles.
Following Mr. Van Lehn's death on February 18, 2000, appellant sought possession of the two vehicles. In pursuit of this, on May 11, 2000, appellant filed a complaint seeking possession of the two vehicles. Appellant attached to his complaint an assignment of certificate of title for the 1965 Thunderbird, which contains the signature of Judy Feister, acting as power of attorney for Mr. Van Lehn. The certificate of title does not contain Mr. Van Lehn's signature. The certificate of title for the 1986 Thunderbird allegedly contains the signature of Mr. Van Lehn.
On July 7, 2000, appellant filed a motion seeking possession of the two motor vehicles. Appellee filed an answer to the complaint on July 11, 2000. On this same date, appellee also filed a counterclaim against appellant and Judy Feister on the basis that they conspired to use Judy Feister's position of trust and confidence to misappropriate Mr. Van Lehn's assets and wealth for their own use and benefit. Appellee also filed a motion for judgment on the pleadings seeking to have the punitive damages claim, contained in appellant's complaint, dismissed. The trial court denied appellant's motion for possession of the vehicles on August 8, 2000. On August 29, 2000, the trial court filed a judgment entry granting appellee's motion for judgment on the pleadings as to appellant's punitive damages claim.
On December 26, 2000, appellee filed a motion for summary judgment on the remaining claim set forth in appellant's complaint. Appellant filed no written response. The trial court granted appellee's motion for summary judgment on January 23, 2001, and dismissed, with prejudice, the remaining claim in appellant's complaint. On February 13, 2001, appellee filed a motion for default judgment on his counterclaim against appellant and Judy Feister and a motion for attorney fees. Appellant filed his notice of appeal on February 22, 2001. Appellant sought leave from the trial court to file an answer, instanter, to appellee's counterclaim, on March 2, 2001. On March 22, 2001, the trial court filed a judgment entry staying any further proceedings indefinitely pending the outcome of this appeal.
Appellant raises the following sole assignment of error for our consideration:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN SUSTAINING THE MOTION FOR SUMMARY JUDGMENT AS TO THE TWO (2) MOTOR VEHICLES SINE (SIC) THERE IS A MATERIAL ISSUE OF FACT AND THE APPELLEE IS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.
 I
We will not address the merits of appellant's appeal as we find the judgment appealed from is not a final appealable order due appellee's counterclaim that remains pending in the trial court:
 An order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable. Rule 54(B) makes mandatory the use of the language, `there is no just reason for delay.' Unless those words appear where multiple claims and/or multiple parties exist, the order is subject to modification and it cannot be either final or appealable. Noble v. Colwell (1989), 44 Ohio St.3d 92, citing Jarrett v. Dayton Osteopathic Hosp., Inc. (1985), 20 Ohio St.3d 77, Whitaker-Merrell Co. v. Guepel Const. Co. (1972), 29 Ohio St.2d 184.
The judgment entry in the case sub judice does not contain the required language of Civ.R. 54(B) that "there is no just cause for delay." Such language was required due to the fact that appellee's counterclaim remains pending after the trial court granted appellee's motion for summary judgment on the remaining claim set forth in appellant's complaint. In fact, the record indicates that at one point, the trial court even considered amending the judgment entry to indicate "no just cause for delay." In a judgment entry filed March 12, 2001, the trial court stated:
 FINDS that Mr. Nemitz should apprise Mr. Woodard and the Court of his client's decision in that regard and, subsequent to the Court having been apprised by Mr. Nemitz, it will either establish a Briefing Schedule
relative to the Court's continuing jurisdiction to make decisions in this case or not or will issue a Judgment which Dispositively addresses whether or not the 1/23/2001 Judgment Entry should be amended to contain no just reason for delay language pursuant to Rule 54 (B), Ohio Rules of Civil Procedure. (Emphasis sic.) Id. at 2-3.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the within appeal is hereby dismissed for want of jurisdiction and this cause is remanded to the trial court for further proceedings consistent with this opinion. Pursuant to App.R. 24(A)(1), appellant shall pay costs in this matter.
Hon. Julie A. Edwards, P. J. Hon. Sheila G. Farmer, J. Hon. John W. Wise, J. concur.
[1] On September 24, 1999, the Tuscarawas County Grand Jury indicted Judy Feister for theft of Mr. Van Lehn's property in excess of $100,000. Mrs. Feister subsequently plead guilty to these charges.