DECISION AND JUDGMENT ENTRY
This is an appeal from a Highland County Common Pleas Court summary judgment in favor of Appellee Sonya Siders. Appellant Jean Ann Richards has appealed the judgment and seeks a review on the merits.
Initially, we must address a threshold jurisdictional issue. If the judgment entered below does not constitute a final appealable order, then we, as an appellate court, do not have jurisdiction over this appeal. Ohio law provides that appellate courts have jurisdiction to review the final orders or judgments of inferior courts in their district. See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. A final order or judgment is one which affects a substantial right and, in effect, determines the action. R.C. 2505.02. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed. In the event that this jurisdictional issue is not raised by the parties involved with the appeal, then we must raise it sua sponte. See Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, 541 N.E.2d 64, syllabus; Whitaker-Merrell v. GeupelCo. (1972), 29 Ohio St.2d 184, 186, 280 N.E.2d 922.
An order adjudicating one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) in order to constitute a final appealable order. State ex rel. AD Limited Partnership v. Keefe
(1996), 77 Ohio St.3d 50, 671 N.E.2d 13; Chef Italiano Corp. Civ.R. 54(B) provides:
 When more than one claim for relief is presented in an action * * *, whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
As the Ohio Supreme Court stated in AD Partnership,77 Ohio St.3d at 56, 671 N.E.2d 13: "Civ.R. 54(B) must be followed when a case involves multiple claims and/or multiple parties. State ex rel. Wright v. OhioAdult Parole Auth. (1996), 75 Ohio St.3d 82, 85, 661 N.E.2d 728, 731." See, also, Jarrett v. Dayton Osteopathic Hosp., Inc. (1985),20 Ohio St.3d 77, 486 N.E.2d 99, syllabus ("An order vacating a judgment that was entered against less than all the parties and in which the trial court did not make an express determination that there was `no just reason for delay' is not a final appealable order.").
In the case sub judice, our review of the record reveals that various issues and claims remain to be determined. Furthermore, the trial court's judgment did not include the "no just reason for delay" language, which is a mandatory requirement in order to appeal a judgment that does not conclude the proceedings. See Civ.R. 54(B).
Accordingly, based upon the foregoing reasons we conclude that the judgment from which this appeal is taken does not constitute a final appealable order. Therefore, we are without jurisdiction to consider the merits of this appeal and the appeal is hereby dismissed.
 APPEAL DISMISSED. JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellee recover of appellant costs herein taxed.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, J.: Concur.