DECISION AND JUDGMENT ENTRY
{¶ 1} Laura and Sarah Odom ("The Odoms") appeal the Athens County Court of Common Pleas' grant of summary judgment to Ralph Davis dba Davis Rentals ("Davis"). The Odoms argue that the trial court erred in granting summary judgment because genuine issues of material fact remain. Because we find that The Odoms appealed an order that is not final and appealable, we dismiss their appeal.
 I. {¶ 2} The Odoms and Jeremy Whitmore rented an apartment from Davis. While Laura and her daughter, Sarah, were in the bathtub, which was enclosed by two sliding glass doors, the plate glass from one of the doors shattered and fell in on Laura and Sarah, injuring Laura.
 {¶ 3} In January 2001, The Odoms filed a complaint against Ralph Davis, dba Davis Rentals, and three "John Doe" defendants. However, The Odoms never served the complaint on the "John Doe" defendants. They captioned their first cause of action as "Premises Liability" and alleged that Davis had a duty under common law to use the utmost care to avoid injury to The Odoms and other "business invitees", including the duty to make reasonable inspections and discover hazardous conditions. The Odoms captioned their second cause of action as "negligence per se [under R.C.]5321.04." The complaint also included a third cause of action for Sarah's loss of consortium, and a fourth cause of action for negligent infliction of emotional distress upon Sarah.
 {¶ 4} After the parties completed discovery, Davis filed a motion for summary judgment. The Odoms opposed Davis' motion for summary judgment. The trial court granted summary judgment to Davis. In its entry the trial court considered only the claim based upon negligence per se. The Odoms appeal and assert the following assignments of error:
 {¶ 5} "I. The [trial court] erred in granting [Davis] summary judgment as a matter of law under [Civ.R.] 56, despite the existence of genuine issues of material fact.
 {¶ 6} "II. The [trial court] erred to the prejudice of [The Odoms] and abused its discretion when it violated the [Civ.R.] 56 standard of review (a) by failing to apply or properly apply the law of common law negligence to the evidence, (b) by basing its decision in part on irrelevant evidence, (c) by construing the evidence most strongly in favor of [Davis.]"
 II. {¶ 7} Initially, we must determine whether the trial court's judgment entry is a final appealable order. It is well established that an appellate court does not have jurisdiction to review an order that is not final and appealable. See Section 3(B)(2), Article IV of the Ohio Constitution; General Acc. Ins. Co. v. Insurance Co. of North America
(1989), 44 Ohio St.3d 17; Noble v. Colwell (1989), 44 Ohio St.3d 92. When an action includes multiple claims or parties and an order disposes of fewer than all of the claims or rights and liabilities of fewer than all of the parties without certifying under Civ.R. 54(B) that there is no just cause for delay, the order is not final and appealable. Noble,supra; Jarrett v. Dayton Osteopathic Hosp., Inc. (1985), 20 Ohio St.3d 77. We must sua sponte dismiss an appeal that is not from a final appealable order. Whitaker-Merrell v. Geupel Constr. Co. (1972), 29 Ohio St.2d 184.
 {¶ 8} Because the entry appealed by The Odoms disposed of fewer than all of the claims without certifying under Civ.R. 54(B) that there is no just cause for delay, the order is not final and appealable. Here, the trial court's entry on Davis' motion for summary judgment did not consider The Odoms' premises liability claim, Sarah's loss of consortium claim, or Sarah's claim of negligent infliction of emotional distress. While Sarah's loss of consortium claim may have been at least implicitly denied by the grant of summary judgment on the negligence per se claim, see Ratliff v. Morehead (May 19, 1998), Scioto 97CA2505, citing State exrel. Wright v. Ohio Adult Parole Authority (1996), 75 Ohio St.3d 82, the remaining claims were not affected by the grant of summary judgment on the negligence per se claim. Accordingly, we must dismiss this appeal for lack of a final appealable order.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Evans, J. Concur in Judgment and Opinion.