DECISION AND JUDGMENT ENTRY
{¶ 1} Ronald T. Linn ("Linn") appeals the Scioto County Common Pleas Court, Domestic Division, judgment entry, which granted the parties a divorce and divided certain assets and debts. He argues that the trial court erred when it did not set forth in the entry the parties' pension and retirement benefits subject to marital division as required by R.C.3105.171(A)(3)(a). We do not reach this issue because the entry appealed from is not a final appealable order. Accordingly, we dismiss this appeal.
 I. {¶ 2} Linn and Janice Linn married on July 31, 1980. The trial court granted them a divorce on March 11, 2002. In part of its entry, the court stated:
 {¶ 3} "THE COURT FINDS that the parties have, pursuant to the Memorandum Agreement, attached hereto and marked as Exhibit `A', agreed to `submit pension evaluation to court along with agreed entry when valuation received back from Pension Evaluators. If values of marital portion differ parties to offset value by a lump sum payment payable to equalize value, or some agreed payment arrangement.' The parties have failed to do so.
 {¶ 4} "* * *.
 {¶ 5} "It is ordered that the parties will submit pension evaluation to court along with agreed entry when valuation received back from Pension Evaluators. If values of marital portion differ parties to offset value by a lump sum payment payable to equalize value, or some agreed payment arrangement."
 {¶ 6} After the March 11, 2002 entry was filed, the parties received from the Pension Evaluators the marital portion values for each of their pension and retirement accounts. However, Linn challenged the marital values. As a result, each side submitted different proposed judgment entries to the trial court.
 {¶ 7} After several attempts to resolve the issue, Linn filed a notice of appeal on April 10, 2002 and raises the following assignment of error: "THE TRIAL COURT DID NOT DETERMINE THE AMOUNT OF THE PARTIES' PENSION/RETIREMENT BENEFITS SUBJECT TO MARITAL DIVISION AS REQUIRED BY OHIO REVISED CODE 3105.171(A)(3)(a)."
 II. {¶ 8} Linn argues that whether Janice Linn is correct or he is correct, the lower court must determine the amount of the parties' pension and retirement benefits that are subject to division. Linn cites R.C. 3105.171(A)(3)(a) in support of his argument. We never reach this issue because we find that we do not have jurisdiction to consider this appeal.
 {¶ 9} Initially, we must determine whether the trial court's judgment entry is a final appealable order. It is well established that an appellate court does not have jurisdiction to review an order that is not final and appealable. See Section 3(B)(2), Article IV of the Ohio Constitution; General Acc. Ins. Co. v. Insurance Co. of North America
(1989), 44 Ohio St.3d 17; Noble v. Colwell (1989), 44 Ohio St.3d 92. When an action includes multiple claims or parties and an order disposes of fewer than all of the claims or rights and liabilities of fewer than all of the parties without certifying under Civ.R. 54(B) that there is no just cause for delay, the order is not final and appealable. Noble,supra; Jarrett v. Dayton Osteopathic Hosp., Inc. (1985), 20 Ohio St.3d 77. We must sua sponte dismiss an appeal that is not from a final appealable order. Whitaker-Merrell v. Geupel Constr. Co (1972), 29 Ohio St.2d 184.
 {¶ 10} Here, we find that the trial court's order is not final and appealable because it does not dispose of all of the claims at issue. By Linn's own admission, the trial court's entry does not resolve the division of the pension and retirement accounts. Because the journal entry Linn appealed from disposed of fewer than all of the claims and because the trial court did not certify under Civ.R. 54(B) that there was no just cause for delay, the journal entry is not final and appealable.[1] Accordingly, we must dismiss this appeal for lack of a final appealable order.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE DISMISSED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas, Domestic Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, P.J. Evans, J.: Concur in Judgment Opinion
[1] After Linn filed his brief, the trial court on June 25, 2002 filed an entry that determined the amount of the parties' pension and retirement benefits subject to marital division as required by R.C.3105.171(A)(3)(a). Linn has appealed the June 25 entry to this court. Thus, we will consider the June 25 entry in the new appeal but cannot consider it here because it is not part of this record.