OPINION
{¶ 1} In this accelerated calendar case, appellants, Leatherworks Partnership, David E. Shikles ("Shikles"), and Gordon Schaaf ("Schaaf"), appeal from the decision of the Trumbull County Court of Common Pleas, denying their motion to vacate a prior judgment entry and motion to set aside the settlement agreement entered into with appellees, the city of Girard ("the City") and L. T. Boccia Construction Company, Inc., ("Boccia Construction"). As a preliminary matter, we note that while the City filed an answer brief on its own behalf, Boccia Construction failed to do so.
 {¶ 2} By way of background, on May 31, 1996, the City filed a complaint against appellants seeking injunctive relief and monetary damages. According to the complaint, appellants were the record title holders of the Ohio Leatherworks Building, located within the political subdivision of the City. Apparently, on October 25, 1995, this building was destroyed by a fire, allegedly "resulting in a nuisance and creating an emergency within the City of Girard." Specifically, the City claimed that "[t]he destruction of the subject property by fire ha[d] resulted in a danger to the City of Girard and it's citizens [and] ha[d] created a nuisance including asbestos, titanium and other hazardous materials in and around the subject property creating an immediate and irreputable health hazard and danger to all citizen with the City of Girard."
 {¶ 3} The complaint further alleged that appellants failed to abate this nuisance and refused to abide by their agreement to raze the building and clean up the property. As a result of their noncompliance, the City claimed that it "ordered a portion of the building demolished in an attempt to alleviate immediate dangers and hazards[,]" thereby incurring expenses "including special fire fighting costs, emergency costs, safety force costs, overtime, demolition costs and other expenses exceeding $140,000."
 {¶ 4} Accordingly, the City sought to enjoin appellants from violating the city ordinance against nuisances and demanded that appellants be required to remove all debris from the property. The City further requested compensation from appellants in an amount not exceeding $140,000 in costs and expenses incurred therein.
 {¶ 5} During the proceedings below, Boccia Construction and Daniel A. Terreri Sons, Inc., ("Terreri") were permitted to intervene as plaintiffs in this action. In relevant part to this appeal, Terreri filed a complaint against appellants, in conjunction with a cross-claim against the City and Boccia Construction.
 {¶ 6} Ultimately, this matter was submitted to the magistrate, at which time the City, Boccia Construction, and appellants entered into a settlement agreement on December 23, 1996. Essentially, under the terms of the settlement agreement, appellants agreed to pay certain monetary amounts to the City and Boccia Construction and to perform additional cleanup at the property site within a prescribed period of time. If appellants failed to do this within the required time period, then appellants were obligated to pay additional monetary amounts to the City and to Boccia Construction.
 {¶ 7} On January 29, 1997, the magistrate issued his decision, finding that the settlement agreement was reasonable and recommending that the case brought by the intervening plaintiff Terreri against appellants be continued. In a judgment entry dated March 25, 1997, the trial court adopted the magistrate's recommendation.
 {¶ 8} In the interim, the City apparently filed a separate lawsuit with the Trumbull County Court of Common Pleas against appellants seeking to foreclose upon certain judgment liens resulting from the underlying March 25, 1997 judgment entry.[1]
 {¶ 9} Over four years after the issuance of the March 25, 1997 judgment entry, appellants filed a motion to vacate this entry on the basis that it was not a final judgment and thus, could not be executed upon.[2] Given that the trial court continued Terreri's claims as an intervening plaintiff, and the trial court failed to make an express finding under Civ.R. 54(B) that there was "no just reason for delay[,]" appellants concluded that the March 25, 1997 entry was not a final order. While the magistrate instructed counsel to comply with Civ.R. 54(B) by inserting the requisite language into the judgment entry, counsel failed to do so. Further, even if the magistrate expressly determined that there was no just reason for delay, appellants suggested that only a trial court could make such a determination.
 {¶ 10} In addition, on August 1, 2001, appellants filed a motion to set aside the settlement agreement. In this motion, appellants requested the trial court to conduct an evidentiary hearing to determine whether an enforceable agreement was entered into. According to appellants, fraud and double billing rendered the purported settlement agreement voidable. Furthermore, appellants claimed that mistake and uncertainty as to the material terms and conditions under the settlement agreement rendered it unenforceable.
 {¶ 11} Upon consideration, on November 6, 2001, the trial court issued a lengthy judgment entry, denying appellants' motion to vacate the March 25, 1997 judgment entry and motion to set aside the settlement agreement contained therein.[3] It is from this judgment appellants appeal submitting three assignments of error for our consideration:
 {¶ 12} "[1.] The trial court erred to the prejudice of appellants-defendants [sic] in denying the motion to vacate the November 6, 2001 [sic] judgment entry in holding that the March 27, 1997 judgment entry was a final order within the meaning of R.C. 2505.02 and to Civil Rule 54(b)[.]
 {¶ 13} "[2.] The trial court erred in failing to grant appellants-defendants' [sic] motion for an evidentiary hearing based on substantial evidence proffered with the motion to set aside which had been adduced under oath, on the grounds that the settlement agreement was void due to fraud and double billing.
 {¶ 14} "[3.] The trial court erred to the prejudice of appellants-defendants [sic] in denying the motion to vacate as improvident and unlawful[.]"
 {¶ 15} Before we may address the merits of appellants' arguments, we must determine whether this court has jurisdiction to consider appellants' appeal from the November 6, 2001 judgment entry.
 {¶ 16} In order for this court to have jurisdiction to review the trial court's November 6, 2001 judgment entry, it is necessary for us to initially determine whether the March 25, 1997 judgment entry was a final order. This is because appellants sought to vacate the March 25, 1997 judgment entry and also set aside the settlement agreement contained therein.
 {¶ 17} "Civ.R. 54(B) must be followed when a case involves multiple claims and/or multiple parties." State ex rel. A D Ltd.Partnership v. Keefe (1996), 77 Ohio St.3d 50, 56. "Pursuant to Civ.R. 54(B), in a situation where there are multiple parties or claims and the judgment entry enters `final judgment as to one or more but fewer than all of the claims or parties,' then the order is not a final appealable order in the absence of language stating there is `no just reason for delay.'" Ensell v. Mtge. Serv. Corp. (Aug. 11, 2000), 11th Dist. No. 99-A-0051, 2000 WL 1140022, at 2. See, also A D Ltd. Partnership at 56; Jarret v. Dayton Osteopathic Hosp., Inc. (1985), 20 Ohio St.3d 77,78.
 {¶ 18} Contrary to the City's position, Terreri's claims as an intervening plaintiff were not severed from the instant action. Rather, both the magistrate and the trial court determined that "the case by Intervening Plaintiff Terreri against [appellant] Leatherworks Partnership, David E. Shikles, Pres. dba David J. Builders, Inc. and Gordon Schaaf be and hereby is continued." (Emphasis added.) As such, Terreri's claims remained outstanding at the time the trial court issued its March 25, 1997 judgment entry. Further, both the magistrate's decision and the trial court's judgment entry failed to contain the express finding that there was "no just reason for delay[,]" as required by Civ.R. 54(B). Therefore, under these circumstances, the March 25, 1997 judgment entry was not a final order.
 {¶ 19} The fact that appellants are now appealing the trial court's November 6, 2001 judgment entry denying its motion to vacate the March 25, 1997 judgement entry and motion to set aside the settlement agreement contained therein does not change our analysis. It is axiomatic that if the underlying judgment is not a final order, then the judgment denying a motion to vacate or a motion to set aside the contents of the underlying judgment is also not final for purposes of appellate review. See, e.g., Jarrett at syllabus; Lindsey v. Rumpke (Nov. 16, 2000), 10th Dist. No. 00AP-426, 2000 WL 1715874, at 2; Dines v. Spurlock (Sept. 19, 1994), 12th Dist. No. CA94-02-005, 1994 WL 506204, at 2.
 {¶ 20} While the November 6, 2001 judgment entry contained Civ.R. 54(B) language, this does not change the fact that the March 25, 1997 judgment entry remained an interlocutory order. Further, the inclusion of Civ.R. 54(B) language in the November 6, 2001 judgment entry does not transform that entry into a final order.
 {¶ 21} We note that at the December 23, 1996 hearing before the magistrate, the following exchange concerning the inclusion of Civ.R. 54(B) language took place:
 {¶ 22} "The [Magistrate]: *** We didn't talk about the other intervening Plaintiffs' [Terreri] claims. And it was our understanding that today we were going to proceed to trial and bifurcate the intervening Plaintiff, and I can't recall that name.
 {¶ 23} "Mr. Bozanich [appellants' former attorney]: Terreri.
 {¶ 24} "The [Magistrate]: And they're represented by Attorney Bryan?
 {¶ 25} "Mr. Bozanich: Your Honor, if I may, for a possible resolution of this matter. If we can ask for a continuance of 30 days on that matter perhaps we can, my client can reach a resolution of that with Mr. Terreri's and his counsel, therefore the issue should become moot.
 {¶ 26} "The [Magistrate]: Will you advise the Court as soon as practical as to whether or not that's going to be resolved, and then if not, we'll set that for an immediate hearing?
 {¶ 27} "Mr. Bozanich: I'll make that hopefully this afternoon.
 {¶ 28} "The [Magistrate]: And then the judgment entry that counselwill prepare regarding the settlement should reflect language that thisCourt finds no just reasons for delay in entering the judgment on theparties that are present here today based upon the settlement today, sothat the clock begins to run under, what is it, Civil Rule 54[.] (Emphasis added.)
 {¶ 29} Even if we assume, arguendo, that the parties stipulated before the magistrate that the decision was to contain Civ.R. 54(B) language and that the transcript of the proceeding was subsequently incorporated by reference into the magistrate's decision, the March 25, 1997 judgment entry remained an interlocutory order.
 {¶ 30} "[T]he magistrate's decision, and the trial court's judgment entry need to be separate and distinct instruments which are complete and independent of each other. The adoption by the court of a magistrate's decision does not in and of itself constitute a final appealable order." Perrino v. Perrino (Dec. 19, 1997), 11th Dist. No. 97-T-0152, 1997 WL 800914, at 1.
 {¶ 31} So, even if the magistrate made a Civ.R. 54(B) determination, the trial court did not specifically enter that order into its March 25, 1997 judgment entry. "The court should *** reduce the magistrate's decision to judgment with a proper judgment entry with aholding containing sufficient action words to give notice to the partiesof their rights and liabilities without reference to any other document." (Emphasis added.) In re Castrovince (Aug. 16, 1996), 11th Dist. No. 96-P-0175, 1996 WL 1056815, at 2. Thus, in the absence of Civ.R. 54(B) language, the March 25, 1997 judgment entry adopting the magistrate's decision did not constitute a final order.
 {¶ 32} In summation, upon review of the record in this matter, it appears that the March 25, 1997 judgment entry was not a final order. As such, the judgment entry of November 6, 2001 denying appellants' motion to vacate and set aside the contents of the March 25, 1997 entry was also not a final order. Under these circumstances, this court lacks jurisdiction to address appellants' appeal until such time as the trial court enters a final judgment.
 {¶ 33} As a caveat, we note that in light of the trial court's November 6, 2001 judgment entry, there does not seem to be an issue as to the court's intent to employ Civ.R. 54 language to make the March 25, 1997 judgment entry a final order. Thus, the trial court would arguably be able to enter a nunc pro tunc entry to that effect.
 {¶ 34} Based on the foregoing analysis, this matter is dismissed for want of appellate jurisdiction because the November 6, 2001 judgment entry is not a final appealable order.
WILLIAM M. O'NEILL, P.J., concurs.
[1] Although this case is not a part of the record on appeal, this procedural fact is reflected in the trial court's November 6, 2001 judgment entry.
[2] Appellant's motion to vacate was filed on June 7, 2001.
[3] As an aside, we note that appellants improperly labeled their motions as a "motion to vacate" and a "motion to set aside" as they were not seeking relief from a final judgment. "In Ohio, `courts generally hold that [a] prematurely filed "motion for relief" from [an] interlocutory order should be treated as a motion for reconsideration.'"Carnavale v. Carnavale (June 29, 2001), 11th Dist. Nos. 2000-T-0013, 99-T-0113, and 99-T-0164, 2001 WL 735896, at 3, quoting Vanest v.Pillsbury Co. (1997), 124 Ohio App.3d 525, 534. Thus, appellant's motions should have been captioned as motions for reconsideration pursuant to Civ.R. 54(B). This is because "Civ.R. 54(B) allows for a reconsideration or rehearing of interlocutory orders. *** Therefore, a motion for reconsideration would be the proper procedural vehicle for obtaining relief after interlocutory orders." Pitts v. Dept. of Transp.
(1981), 67 Ohio St.2d 378, 379, fn. 1. See, also, Drillex, Inc. v. LakeCty. Bd. of Commrs. (2001), 145 Ohio App.3d 384, 389. Despite that fact, for the sake of clarity, we will refer to appellants' motions as they were captioned.