DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Appellant, International Fidelity Insurance Company ("International"), appeals from a judgment of the Elyria Municipal Court that denied its motion to vacate a bond forfeiture order. We dismiss the appeal for lack of a final appealable order because, although the denial of a Civ.R. 60(B) motion is generally appealable, Civ.R. 60(B) cannot create a final judgment where none previously existed.
 {¶ 2} Defendant Anthony Hein was charged with various offenses on March 4, 2004. On March 7, International posted a bond in the amount of $3500. Defendant had a bench trial scheduled on July 7, 2004, but he failed to appear.
 {¶ 3} On July 12, 2004, the trial court issued a warrant order because Defendant had failed to appear. In that journal entry, the trial court indicated in relevant part, "Surety bonds posted to be forfeited[;] bondsman to be notified." It did not otherwise refer to the bond forfeiture, nor did it actually order International to forfeit or pay the $3500 bond to the court.
 {¶ 4} Through a letter dated July 13, 2004, the clerk of court notified International that the bond had been forfeited due to Defendant's failure to appear and that payment in the amount of $3500 was due by August 13, 2004. The letter was signed by a deputy clerk. International apparently did not provide payment.
 {¶ 5} On May 27, 2005, International filed a "motion to vacate bond forfeiture without penalty." Apparently believing that the trial court had ordered forfeiture of the bond in this case, it asserted that the trial court had not followed proper procedure and therefore should vacate its order. On August 2, 2005, the trial court denied International's motion without a hearing. International appealed, asserting four assignments of error for our review.
 {¶ 6} Before we can reach the merits of International's assignments of error, we must determine whether the order appealed is final and appealable. Section 3(B)(2), Article IV of the Ohio Constitution limits this court's appellate jurisdiction to the review of final judgments of lower courts. To be final, an order also must fit into one of the categories set forth in R.C.2505.02(B). See General Elec. Supply Co. v. Warden Elec., Inc.
(1988), 38 Ohio St.3d 378, 380.
 {¶ 7} R.C. 2505.02(B) confines its definition of a final order "that may be reviewed, affirmed, modified, or reversed" to the following:
"(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
"(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
"(3) An order that vacates or sets aside a judgment or grants a new trial;
"(4) An order that grants or denies a provisional remedy and to which [two additional requirements] apply;
"(5) An order that determines that an action may or may not be maintained as a class action;
"(6) An order determining the constitutionality of any changes to the Revised Code made by [certain enumerated legislative enactments]."
 {¶ 8} International appeals from the trial court's August 2, 2005 order, denying its motion to vacate, which fails to fall into any of the above categories. The trial court simply denied a motion to vacate an order that did not exist.[1]
 {¶ 9} The denial of a properly filed Civ.R. 60(B) motion for relief from judgment is considered to be a final, appealable order. Colley v. Bazell (1980), 64 Ohio St.2d 243, 245. A motion to vacate under Civ.R. 60(B), however, lies only from a "final judgment, order, or proceeding[.]" Civ.R.60(B). "It logically follows from the language of the rule, that a motion to vacate is improper in the event a trial court is not presented with a final judgment." Phoenix Office Supply Co. v. LittleForest Nursing Ctr. (Feb. 24, 2000), 7th Dist. No. 99 CA 15. A motion to vacate will not create a final judgment where none previously existed. Id. (holding that the denial of a motion to vacate an order that lacked necessary Civ.R. 54(B) language was not final). See, also, Jarrett v. Dayton Osteopathic Hosp.,Inc. (1985), 20 Ohio St.3d 77, syllabus, in which the Ohio Supreme Court affirmed the dismissal of an appeal from an order vacating an order that lacked Civ.R. 54(B) language, because it likewise was not a final, appealable order, even though it purported to be a ruling on a Civ.R. 60(B) motion. Id. at 78. The Court emphasized that, despite the fact that the motion was improperly captioned, the trial court's ruling actually had been an interlocutory ruling on a motion for reconsideration because Civ.R. 60(B) relief did not lie from a non-final order. Id.
 {¶ 10} Although International, the prosecution, and the trial court seemed to be under the impression that the trial court had previously entered a final judgment that ordered International to forfeit the bond and pay $3500 into court, there is no such order in the record.
 {¶ 11} On July 12, 2004, the trial court issued a "warrant order" in which it merely indicated, "Surety bonds posted to be forfeited[;] bondsman to be notified." The trial court did not actually order a forfeiture of the bond, nor did it order International to do anything.
 {¶ 12} Through a letter dated July 13, 2004, the clerk of court notified International that the bond had been forfeited because Defendant had failed to appear and that "[p]ayment is to be made by 8/13/04 in the amount of $3500." This letter was not file stamped in the trial court and, more importantly, it was signed by a deputy clerk, not a judge. Neither the clerk of court nor any of its deputies has the authority to issue a final judgment of the court. See, e.g., Harkai v. Scherba Industries,Inc. (2000), 136 Ohio App.3d 211, 217-218 (only a judge has the authority to issue a judgment); R.C. 3.06 (duties of deputies and clerks).
 {¶ 13} Thus, when International filed its motion to vacate the forfeiture order, not only was there no final order, there was no order at all. Consequently, no relief from judgment could lie under Civ.R. 60(B) and the trial court's denial of International's motion was not made final and appealable by its improper designation as a ruling on a motion to vacate a prior order.
 {¶ 14} Consequently, as there is no final appealable order before this Court, the appeal is dismissed for lack of jurisdiction.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, J., Carr, J., concur.
[1] The trial court's order was limited to ruling on the merits of the motion to vacate. It still did not order the bond forfeited or order International to pay $3500.