DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Appellant, International Fidelity Insurance Company ("International"), appeals from a judgment of the Elyria Municipal Court that denied its motion to vacate a bond forfeiture order. We dismiss the appeal for lack of a final appealable order because, although the denial of a Civ.R. 60(B) motion is generally appealable, Civ.R. 60(B) cannot create a final judgment where none previously existed.
 {¶ 2} Phillip Lantz was charged with several traffic offenses on January 7, 2004. On January 16, 2004, International posted a bond in the amount of $1,000. A pretrial conference was scheduled for February 24, 2004, but Lantz failed to appear.
 {¶ 3} On February 26, 2004, the trial court issued an arrest warrant because Lantz had failed to appear. In that journal entry, the trial court indicated in relevant part, "Bond Forfeited. New cash bond set at $2,000.00." It did not otherwise refer to the bond forfeiture, nor did it order International to forfeit or pay the $1,000 bond to the court.
 {¶ 4} Through a letter dated March 2, 2004, the clerk of court notified International that the bond had been forfeited due to Lantz's failure to appear and that payment in the amount of $1,000.00 was due by April 2, 2004. The letter was signed by a deputy clerk.
 {¶ 5} On May 13, 2004, International filed with the court a letter requesting "relief from liability," indicating its apparent belief that the trial court had ordered a forfeiture of the bond in this case. It further indicated that it believed it was entitled to relief from the bond forfeiture because Lantz had appeared in court for sentencing, satisfied his sentence, and the case had been closed.
 {¶ 6} On May 18, 2004, the trial court issued a brief order, in which it indicated that it would not consider the request for relief until International complied "with the order of March 2, 2004."
 {¶ 7} Through a letter dated June 2, 2004, as it had in its March 2 letter, the clerk of court again informed International that it must pay the $1,000 bond by June 18, 2004. On June 18, 2004, the clerk of court sent another letter to International, indicating that, because International had ignored the court order to pay the $1,000 bond by June 18, 2004, the court would no longer accept any bond posted by either International or B B Bail Bond Services. Through another letter dated August 28, 2004, the clerk of court informed International that it had notified the Department of Insurance that International had ignored the bond forfeiture orders. All three of these letters (June 2, June 18, and August 28) were signed only by the clerk of court and were not time-stamped as filed in the court.
 {¶ 8} On May 27, 2005, International filed a formal "motion to vacate bond forfeiture without penalty." It asserted that the court had failed to follow proper procedure prior to ordering the bond forfeiture. On August 2, 2005, the trial court denied the motion without a hearing. International appealed, asserting four assignments of error for our review.
 {¶ 9} Before we can reach the merits of International's assignments of error, we must determine whether the order appealed is final and appealable. Section 3(B)(2), Article IV of the Ohio Constitution limits this court's appellate jurisdiction to the review of final judgments of lower courts. To be final, an order also must fit into one of the categories set forth in R.C.2505.02. See General Electric Supply Co. v. Warden Electric,Inc. (1988), 38 Ohio St.3d 378, 380.
 {¶ 10} R.C. 2505.02(B) confines its definition of a final order "that may be reviewed, affirmed, modified, or reversed" to the following:
"(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
"(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
"(3) An order that vacates or sets aside a judgment or grants a new trial;
"(4) An order that grants or denies a provisional remedy and to which [two additional requirements] apply:
"(5) An order that determines that an action may or may not be maintained as a class action;
"(6) An order determining the constitutionality of any changes to the Revised Code made by [certain enumerated legislative enactments actions]."
 {¶ 11} International appeals from the trial court's August 2, 2005 order, denying its motion to vacate, which fails to fall into any of the above categories. The trial court simply denied a motion to vacate an order that did not exist.[1]
 {¶ 12} The denial of a properly-filed Civ.R. 60(B) motion for relief from judgment is considered to be a final, appealable order. Colley v. Bazell (1980), 64 Ohio St.2d 243, 245. A motion to vacate under Civ.R. 60(B), however, lies only from a "final judgment [or] order[.]" Civ.R. 60(B). "It logically follows from the language of the rule, that a motion to vacate is improper in the event a trial court is not presented with a final judgment." Phoenix Office Supply Co. v. Little Forest NursingCtr. (Feb. 24, 2000), 7th Dist. No. 99 CA 15. A motion to vacate will not create a final judgment where none previously existed. Id. (holding that the denial of a motion to vacate an order that lacked necessary Civ.R. 54(B) language was not final). See, also,Jarrett v. Dayton Osteopathic Hosp., Inc. (1985),20 Ohio St.3d 77, syllabus, 78, in which the Ohio Supreme Court affirmed the dismissal of an appeal from an order vacating an order that lacked Civ.R. 54(B) language, because it likewise was not a final, appealable order, even though it purported to be a ruling on a Civ.R. 60(B) motion. The Court emphasized that, despite the fact that the motion was improperly captioned a Civ.R. 60(B) motion for relief from judgment, the trial court's ruling actually had been an interlocutory ruling on a motion for reconsideration because Civ.R. 60(B) relief did not lie from a non-final order. Id.
 {¶ 13} Although International, the prosecution, and the trial court seemed to be under the impression that the trial court had previously entered a final judgment that ordered International to forfeit the bond and pay $1,000 into court, there is no such order in the record. While this Court recognizes that the parties understood that the bond was to be forfeited, a court speaks only through its journal entries.
 {¶ 14} On February 26, 2004, the trial court issued a "warrant order" in which it merely indicated, "Bond Forfeited. New cash bond set at $2,000.00." The trial court did not order a forfeiture of the bond, nor did it actually order International to do anything. The trial court did not order International to pay the $1,000 bond to the court.
 {¶ 15} Through the several letters sent to International, the clerk of court notified International that the bond had been forfeited because Lantz had failed to appear, that the $1,000 bond was to be paid by April 2, and later that the bond "must" be paid by June 18, 2004, and that International's subsequent failure to pay by June 18 had resulted in additional consequences including the court's refusal to accept any further bonds from it. These letters were not file stamped in the trial court and, more importantly, they were signed either by the clerk of court or a deputy clerk, not a judge. Neither the clerk of court nor any of its deputies has the authority to issue a judgment or order of the court. See, e.g., Harkai v. Scherba Industries,Inc., 136 Ohio App.3d 211, 217-218 (only a judge has the authority to issue a judgment); R.C. 3.06 (duties of deputy clerk of courts). Much of what International challenges on appeal are the directives that were included in these letters, none of which were orders of the court.
 {¶ 16} Thus, when International filed its motion to vacate the forfeiture order, not only was there no final order, there was no order at all. Consequently, no relief from judgment could lie under Civ.R. 60(B) and the trial court's denial of International's motion was not made final and appealable by its improper designation as a ruling on a motion to vacate a prior order.
 {¶ 17} Consequently, as there is no final appealable order before this Court, the appeal is dismissed for lack of jurisdiction.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Slaby, P.J., Moore, J., concur.
[1] The trial court's order was limited to ruling on the merits of the motion to vacate. It still did not order the bond forfeited or order International to pay $1,000.