DECISION AND JUDGMENT ENTRY
{¶ 1} Tenants Greg and April Scarbury[1] appeal the Jackson County Municipal Court's judgment entry in favor of their landlord, Dail[2] E. Atkins. The Scarburys argue that the trial court erred when it (1) denied their request for a continuance and discovery, (2) did not apply the Civil Rules of Procedure to Atkins' damages claim, (3) denied them equal protection, and (4) failed to follow R.C. 5321.16.
Because we find that the Scarburys appealed a judgment that is not final and appealable, this court does not have jurisdiction to review it. Accordingly, we dismiss this appeal.
 I. {¶ 2} The Scarburys leased a house from Atkins. Atkins filed a complaint against the Scarburys alleging that they failed to pay their rent for two months and that he legally served them in writing with a notice to leave the house, but they failed to vacate the premises. Atkins' second cause of action alleged damages for rent and utilities. The Scarburys filed an answer denying they owed rent and damages and filed a counterclaim against Atkins for damages, which included property damages based on an allegation that Atkins cut the water lines of their washing machine. The Scarburys asked the court in their counterclaim for $1,682 in compensatory damages and $3,364 in punitive damages.
 {¶ 3} The trial court held a hearing, granted Atkins his first cause of action and ordered the Scarburys removed from the house. Later, the trial court held a hearing for Atkins' second cause of action and granted damages to Atkins in the amount of $1,247.84 plus interest and court costs.
 {¶ 4} The Scarburys appeal and raise four assignments of error: "I. The trial court erred by denying appellants' motion for discovery pursuant to civ.r. 1(c)(3) and finding that the ohio rules of civil procedure do not apply to the second cause of action, which was a damages claim filed with a forcible entry and detainer claim. ii. the trial court erred by denying appellants' motion to continue in order to do discovery pursuant to o.r.c.1923.08 and failing to treat the damages claim as any other civil matter. iii. the trial court denied appellants equal protection of law when it applied rules and statutes to them differently than those applied to other tenants under similar circumstances facing claims for damages arising from landlord-tenant relationships. iv. the trial court erred by determining claims regarding the appellants' security deposit before the time had run in which they could be legally raised by the appellants pursuant to r.c. 5321.16."
 II. {¶ 5} Initially, we must determine whether the trial court's judgment entry is a final appealable order. It is well established that an appellate court does not have jurisdiction to review an order that is not final and appealable. See Section3(B)(2), Article IV of the Ohio Constitution; General Acc. Ins.Co. v. Insurance Co. of North America (1989), 44 Ohio St.3d 17;Noble v. Colwell (1989), 44 Ohio St.3d 92. Pursuant to Civ.R. 54(B), when an action includes multiple claims or parties and an order disposes of fewer than all of the claims or rights and liabilities of fewer than all of the parties, the order is not final and appealable unless the court certifies that there is no just cause for delay. Noble, supra; Jarrett v. DaytonOsteopathic Hosp., Inc. (1985), 20 Ohio St.3d 77. We must sua sponte dismiss an appeal that is not from a final appealable order. Whitaker-Merrell v. Geupel Constr. Co. (1972),29 Ohio St.2d 184.
 {¶ 6} Here, we find that the trial court's judgment is not final and appealable because it does not dispose of all of the claims at issue. While the entry mentions that the Scarburys had filed a counterclaim, the court did not address or dispose of it. Hence, because the entry the Scarburys appealed from disposed of fewer than all of the claims and because the trial court did not certify under Civ.R. 54(B) that there was no just cause for delay, the entry is not final and appealable. See, e.g., Linn v.Linn (Sept. 26, 2002), Scioto App. No. 02CA2835; Odom v. Davis
(Sept. 16, 2002), Athens App. No. 02CA1.
 {¶ 7} Accordingly, we dismiss this appeal for lack of a final appealable order.
Appeal Dismissed.
Abele, J. and Evans, J.: Concur in Judgment and Opinion.
[1] Another spelling, Scarberry, was also used in the trial court proceedings.
[2] Another spelling, Dale, was also used in the trial court proceedings.