J. R. PRODUCTIONS, INC., APPELLEE, *v.* YOUNG, APPELLANT.

(No. 81AP-824—Decided March 25, 1982.)

*Mr. John E. Stroud,* for appellee.

*Mr. W. Ronald Beaver* and *Mr. Henry W. Eckhart,* for appellant.

WHITESIDE, P.J. Defendant appeals from a judgment of the Franklin County Court of Common Pleas and raises a single assignment of error contending that: "The trial court erred when it overruled defendant's motion to vacate default judgment."

The sole issue raised in the trial court, and on appeal, is whether plaintiff obtained sufficient service of summons upon defendant, a nonresident of Ohio, to permit a default judgment being rendered against defendant for his failure to answer.

Initial service was attempted by certified mail pursuant to Civ. R. 4.3(B)(1). The attempted certified mail service was returned marked "unclaimed." Following notification of failure of service from the clerk, counsel for plaintiff filed an instruction for service by ordinary mail pursuant to Civ. R. 4.6(D). The record contains some suggestion that the clerk made ordinary mail service addressed to the same address to which the unclaimed certified mail service had been addressed. At least, defendant makes no contention that the clerk did not take the steps required to effect ordinary mail service pursuant to Civ. R. 4.6(D), if it be applicable. Rather, defendant contends that counsel for plaintiff should have followed the provision of Civ. R. 4.3(B)(1), which provides that:

"* * * If the envelope is returned with an endorsement showing failure of delivery, service is complete when the attorney or serving party, after notification by the clerk, files with the clerk an affidavit setting forth facts indicating the reasonable diligence utilized to ascertain the whereabouts of the party to be served."

Plaintiff, on the other hand, contends that the applicable provision is that of Civ. R. 4.6(D), which provides that:

"If a certified mail envelope is returned with an endorsement showing that the envelope was unclaimed, the clerk shall forthwith notify, by mail, the attorney of record * * *. If the attorney, or serving party, after notification by the clerk, files with the clerk a written request for ordinary mail service, the clerk shall send by ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk. The mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk. * * * Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery. * * *"

Defendant has not contended, by affidavit or otherwise, that there was a failure of delivery of an attempted ordinary mail service, which would result in his not having actual notice of the pendency of the action. Cf. *Samson Sales* v. *Honeywell, Inc.* (1981), 66 Ohio St. 2d 290, at 294 [15 O.O.3d 352]. Rather, defendant contends that plaintiff should have ascertained a better address for defendant than that originally used, pointing out that the return envelope indicates a different address for defendant in a different city.

Under the circumstances, we find it

unnecessary for plaintiff to have filed an affidavit pursuant to Civ. R. 4.3(B). While, in the most broad sense, the endorsement on the return envelope showed a failure of delivery, the specific reason checked for return was "unclaimed." Civ. R. 4.6(D) contains specific provisions for the procedure to be followed under such circumstances. In other words, Civ. R. 4.6(D) is a specific provision applicable when a certified mail envelope is returned with an endorsement of "unclaimed"; whereas, Civ. R. 4.3(B)(1) is a general provision applicable in instances not having a specific procedure to be followed in another rule.

The return envelope itself indicates the correctness of the procedure. The envelope was originally addressed to defendant at "410 Lee Street, Greenville, NC 27834." This address has been crossed out, and a forwarding address pasted on to "P.O. Box 877, Winterville, NC 28590," with a further notation of "(Expires 6-7-81)." While the envelope bears no Greenville postmarks it bears two from Winterville, North Carolina, one under the date of June 20, 1980, and the second under the date of July 7, 1980, both on the back of the envelope. There is an indication on the front of the envelope that a "1st notice" was given on "6-20-80," and a "2nd notice" given on "6-25-80," and "return" on "7-5-80." In other words, there is every indication that the letter was forwarded from the address in Greenville to an address in Winterville. There would be reasonable expectation that an ordinary mail envelope addressed to the Greenville address would similarly be forwarded to the Winterville address. Thus, although it might have been preferable to have utilized the Winterville address in the instructions for ordinary mail service, the failure to do so does not diminish significantly the reasonable expectation of delivery to defendant, assuming that the Greenville address was originally a proper address for him. Service must be made to an address where it can be reasonably anticipated that the service will be delivered to the defendant and apprise him of the pendency of the actions and afford him an opportunity to present any objections. See *In re Foreclosure of Liens* (1980), 62 Ohio St. 2d 333 [16 O.O.3d 393], and *Regional Airport Authority* v. *Swinehart* (1980), 62 Ohio St. 2d 403 [16 O.O.3d 436]. Here, service addressed to Greenville was reasonably calculated to reach defendant and apprise him of the pendency of the action, assuming that the Greenville address was defendant's address.

Necessarily, in the absence of evidence or objection, it must be assumed that the address used by the plaintiff in the complaint is a proper address for this purpose. Good-faith compliance by the plaintiff with Civ. R. 10(A) may be presumed, especially in light of Civ. R. 11. Where an improper address has been utilized, it is incumbent upon the defendant to raise the issue when he becomes aware of the situation. Here, defendant has made no contention in any fashion that an improper address was utilized, except his contention that the ordinary mail service should have been addressed to the Winterville address, rather than the Greenville address. There is nothing, however, to indicate that a letter addressed to the Greenville address would not be reasonably calculated to reach defendant, at least through the means of forwarding. Likewise, defendant has made no contention that the clerk did not, in fact, mail the ordinary mail service to the Greenville address, nor any contention that ordinary mail service was not delivered to him. Since defendant makes no contention and presented no evidence upon these issues, they are not before us at this time. However, defendant has not demonstrated affirmatively that there has been a failure of service of process such as to deprive the trial court of jurisdiction over defendant's person. Accordingly, the assignment of error is not well taken.

For the foregoing reasons, the assign-

ment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and REILLY, JJ., concur.