DECISION.
{¶ 1} The defendant-appellant, Paul Brewer, d.b.a. Capitol First Mortgage, appeals from the order of the trial court denying his motion for relief from judgment under Civ.R. 60(B). In his two assignments of error, Brewer argues that that the trial court erred by not granting his motion or allowing him an evidentiary hearing on the motion. The relief he sought was based upon his contention that he was never properly served with, and did not receive, the plaintiff's motion for summary judgment that led to the earlier judgment against him. Because we hold that the trial court was obligated to grant a hearing on Brewer's motion, we reverse and remand this case to the trial court for further proceedings.
 {¶ 2} On October 19, 2001, the plaintiff-appellee, Infinity Broadcasting, filed a complaint against Brewer with interrogatories and requests for admissions attached. The complaint was sent to 161 Northland Blvd., Suite 8, Cincinnati, Ohio 45246. The certified-mail receipt returned to the clerk's office bore a printed notification by the post office that Capital First Mortgage Company had a new address: 6511 Chester Rd., #B, West Chester, Ohio 450659. Brewer, who was not represented by counsel at the time, does not contest that he received the complaint after it was forwarded to the new address. He responded by delivering answers to the interrogatories and requests for admissions to Infinity's attorney, who then filed them with the court. The answers filed with the court did not contain any notification to the court that Brewer (or Capitol First) had a new address. On September 10, 2001, Brewer wrote Infinity's attorney a letter, apparently with respect to settlement. Although Brewer claims that in his letter he "gave" Infinity's counsel his new address, the new address appeared only at the bottom of the stationery and was not otherwise commented upon by Brewer in the text of the letter.
 {¶ 3} On November 30, 2001, the trial court mailed an entry scheduling a case-management conference to Brewer's former address on Northland Blvd. The notice was not returned to the clerk's office for failure of delivery, and Brewer apparently did not deny receiving it. Presumably, therefore, the notice was properly forwarded. The case-management conference was scheduled for January 9, 2002. Brewer did not appear. On January 8, 2002, Infinity filed a motion for summary judgment with a certificate of service. Service was sent to Brewer by regular mail at the Northland Blvd. address. According to counsel for Infinity, service was not returned by the post office, indicating that it had also been forwarded. On January 11, 2002, the court sent a notice of a continuance until February 14, 2002, to both parties the notice to Brewer again going to his former Northern Blvd. address, and again not being returned by the post office. Brewer appears to have received the notice because he stated in an affidavit that he planned to attend the February 14, 2002, conference
 {¶ 4} On February 11, 2002, three days before the scheduled conference, the trial court granted Infinity's motion for summary judgment because Brewer had not filed a response. In the affidavit accompanying his motion seeking relief for judgment, Brewer claimed that he had never been "served" with a copy of the motion for summary judgment (In his memorandum, he claimed he never received it.) Nor, according to Brewer, did he ever receive notice of a hearing on the motion.
 {¶ 5} In denying Brewer relief from judgment, the trial court did not set forth its reasoning. On appeal, Infinity defends the court's denial of relief by arguing that Brewer failed to ever notify the court of any change in his address. Further, Infinity argues that it is implausible that the complaint and case-conference notices were all successfully forwarded to the new address and received by Brewer, but not, somehow, the motion for summary judgment, even though the motion was not returned by the post office. There is more than a suggestion by Infinity that Brewer was being less than candid with the court when he denied receiving a copy of the summary-judgment motion while acknowledging receipt of all the other materials.
 {¶ 6} In order to be entitled to relief from judgment under Civ.R. 60(B), a party must (1) demonstrate a meritorious defense or claim to present if relief is granted; (2) satisfy one of the grounds for relief stated in subsections (B)(1) through (5); and (3) file the motion within a reasonable time or, if the grounds for relief are in subsections (B)(1) through (3), within one year from the judgment, order, or proceeding. GTE Automatic Elec., Inc. v. ARC Industries Inc. (1976),47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. A failure of service constitutes grounds for relief under Civ.R. 60(B)(5).Rogers v. United Presidential Life Ins. Co. (1987), 36 Ohio App.3d 126,128, 521 N.E.2d 84. The trial court's denial of a Civ.R. 60(B) motion for relief is reviewed under an abuse-of-discretion standard. Strack v.Pelton (1994), 70 Ohio St.3d 172, 174, 637 N.E.2d 914.
 {¶ 7} Civ.R. 5(A) requires that every pleading subsequent to the original complaint be served on the opposing party. Civ.R. 5(B) provides for service upon a party by mail at the party's "last known address." (Emphasis supplied.) Absent evidence to the contrary, the address used by a plaintiff in a complaint will be assumed to be an address where the defendant will receive service. Cincinnati Ins. Co. v. Emge (1997),124 Ohio App.3d 61, 63, 705 N.E.2d 408; J.R. Production, Inc. v. Young
(1982), 3 Ohio App.3d 407, 445 N.E.2d 740. Some courts have held that an uncontradicted affidavit that the defendant failed to receive notice is sufficient, by itself, to rebut the presumption of receipt, upon the theory that the trial court cannot draw inferences directly contrary to the defendant's affirmative statement. See, e.g., Rafalski v. Oates
(1984), 17 Ohio App.3d 65, 477 N.E.2d 1212. These cases hold that the plaintiff must present some evidence to support a finding that notice was received notwithstanding the defendant's sworn statement to the contrary — a difficult task considering that Civ.R. 5 provides for service by regular rather than by certified mail. Against the defendant's bald assertion that no service was received, the plaintiff often has only the fact that service was entrusted to the postal service and should have been received in due course.
 {¶ 8} This court, however, has historically taken a significantly different tack. Beginning with Caldwell v. Alston (1996), 1st Dist. No. C-950688, we have rejected Rafalski and held that a trial court is not bound to accept the self-serving affidavit or testimony of a defendant that he or she did not receive service. Accord Bank One Cincinnati,N.A., v. Wells (1996), 1st Dist. No. C-950279; Emge, supra. Given the ease with which a defendant may make such a self-serving claim, we have held that a trial court is entitled to make a credibility assessment and disbelieve the defendant's claim, particularly where the circumstantial evidence of receipt is compelling. Alston and Emge, supra. However, as a corollary of the additional latitude we have given the trial court, we have held that a hearing must be afforded to assess the credibility of the defendant's assertion. Emge, supra, at 64-65, 705 N.E.2d 411. In other words, a trial court cannot dismiss an allegation of a lack of notice out of hand. At the hearing, provided that the plaintiff has strictly complied with the civil rules regarding service, the burden is on the defendant to prove to the trial court that service was not received. Id.
 {¶ 9} The trial court did not hold a hearing on Brewer's Civ.R. 60(B) motion, but simply overruled it on the basis of the written motion and Infinity's response. In its response, Infinity argued that it had complied with Civ.R. 5(B) and that the circumstantial evidence strongly indicated that service of the summary-judgment motion had been received after being forwarded by the postal service. The trial court obviously chose to accept Infinity's argument. Although we find no error in this logic, it was incumbent on the trial court, pursuant to Emge, to conduct a hearing in order to assess Brewer's credibility on this issue.
 {¶ 10} Finally, we note that Brewer argues that Civ.R. 5(B) was not strictly complied with in this case, since service of the summary-judgment motion was never made to his "last known address," which he argues was his new address on Chester Rd. The question of what address was Brewer's "last known address," and whether Infinity strictly complied with Civ.R. 5(B), is a matter requiring factual findings by the trial court on remand. As part of the hearing on this matter, the trial court must determine whether the forwarding order on the return receipt for the complaint, filed with the clerk's office, as well as the address appearing on bottom of the stationery sent to Infinity, was sufficient to publish the fact that Brewer had a new address, or whether the Northland Blvd. address remained Brewer's "last known address" for the purpose of Civ.R. 5(B). The resolution of this question would not determine the issue, but only affect the burden of proof at the hearing. The ultimate question is whether the trial court believes Brewer's claim that he never received notice.
{¶ 11} Accordingly, Brewer's second assignment of error is found to be well taken, thus rendering his first assignment moot. The judgment of the trial court is reversed and this case is remanded for further proceedings in accordance with law.
Judgment reversed and cause remanded.
Doan, P.J., Gorman and Sundermann, JJ.