JOURNAL ENTRY AND OPINION
{¶ 1} The Cleveland Television Network ("CTN") appeals from an order of Judge Janet R. Burnside that denied its motion to vacate a $133,000 default judgment awarded to appellee Barry Riley for his employment and sexual harassment claims. CTN contends it did not receive service of Riley's complaint and it was error hold that, because any failure of service was caused by its negligence, it was not entitled to relief from the judgment. Riley counters that CTN was not entitled to relief because service was made and accepted at its last known address, and it failed to ensure that its mail would be forwarded after it vacated the premises. We reverse and remand
 {¶ 2} In October of 2002, Riley, pro se, filed a complaint that alleged retaliatory discharge and employment discrimination claims against CTN. He requested service by certified mail addressed to CTN's last known business address, 3001 Euclid Avenue, Cleveland, which houses the WEWS television studios from whom CTN leased space while it was in business. The certified mail receipt accepting service was signed by "Mike Corrigan."
 {¶ 3} CTN did not respond to the complaint and, at the request of the judge, seven months later Riley, again pro se, filed an amended complaint specifying damages and moved for default judgment serving CTN by ordinary mail at the same address. The judge entered default judgment in Riley's favor, and against CTN, for $133,000, and Riley obtained a writ of execution and attempted to levy against CTN's television equipment located at 3001 Euclid Avenue.
 {¶ 4} Scripps Howard Broadcasting Company, which owns WEWS, claimed that it owned the equipment by virtue of its lease agreement with CTN, and it filed a claim of exemption with respect to the equipment. The judge directed Scripps Howard to file a "third party claim" asserting its rights in the levied property, but delayed consideration of that claim after CTN filed its motion to vacate the judgment under Civ.R. 60(B).
 {¶ 5} CTN's motion included an affidavit from former CTN Chairman William Patman, who claimed the company went out of business in August 2002 and ceased operations at its WEWS studios in September 2002. He stated that he did not receive notice of the lawsuit until June of 2003, when he learned of Riley's efforts to levy on equipment at the WEWS studios and elsewhere. In addition, he claimed that he believed Riley voluntarily resigned in the spring of 2002 to take another job, and that he was unaware of any retaliation or discrimination charges at that time.
 {¶ 6} At the hearing on CTN's motion, Patman was the only person who testified. He stated that CTN no longer occupied space at WEWS after September 2002, that it received its mail at a post office box, and that even though WEWS employees sometimes passed along mail addressed to CTN at the WEWS building, he did not receive Riley's complaint. He testified that CTN did not employ a "Mike Corrigan," and that he did not know the "Mike Corrigan" who signed the certified mail receipt. He also admitted that he knew Riley had filed a claim against CTN with the Ohio Civil Rights Commission, but he stated that a settlement had been reached on that matter.
 {¶ 7} On cross-examination, Patman agreed that he had taken no steps to ensure that mail directed to CTN at the Euclid Avenue address would be forwarded.
 {¶ 8} The judge denied the motion to vacate because she found that Riley had properly served CTN at its last known place of business, and she found CTN blameworthy because it failed to make proper arrangements to have its mail forwarded to its proper address. She specifically noted that she was treating the motion solely as a common law motion to vacate a void judgment, and that the judgment was not void because service was properly made. CTN states a single assignment of error, which is included as an appendix to this opinion.
 FINAL APPEALABLE ORDER {¶ 9} Before addressing the assignment of error, we note, sua sponte, that this is an appeal of a final order, despite the fact that Scripps Howard's "third party complaint" remains the subject of ongoing proceedings in Riley's efforts to enforce the judgment. We first note that the denial of a Civ.R. 60(B) motion is considered a final order, and is ordinarily appealable.[1] If the default judgment was final, the ruling on the motion to vacate it should also be final.[2]
 {¶ 10} Scripps Howard was not an original party to these proceedings, and its apparent intervention[3] came during enforcement proceedings after the judge granted default judgment. The enforcement proceedings do not affect the finality of the default judgment, nor does a motion to vacate "affect the finality of a judgment or suspend its operation."[4]
Therefore, appeal of an order denying the motion to vacate would not affect the enforcement of the original judgment. Conversely, the enforcement proceedings, and Scripps Howard's intervention in those proceedings,[5] also do not affect the finality of the judgment here.
 CTN'S MOTION TO VACATE {¶ 11} We review a ruling on a motion to vacate a judgment for abuse of discretion.[6] CTN filed its motion under Civ.R. 60(B), and claimed entitlement to relief based on its failure to receive notice of the complaint. The judge viewed the motion only as a motion to vacate a void judgment claiming that the complaint was improperly served, and not as a motion under Civ.R. 60(B).[7] She found that Riley had complied with Civil Rules by serving the complaint at CTN's last known address and, therefore, that service was adequate.[8] She did not address Riley's duties under Civ.R. 4.6(D). Therefore, because Riley had properly served CTN, she concluded that jurisdiction existed and the default judgment was valid. In addition, she found that CTN was to blame for the fact that it did not receive actual service, because it had failed to take steps to ensure that its mail would be forwarded.
 {¶ 12} Although the judge did not analyze the motion to vacate under Civ.R. 60(B), CTN claimed that its failure to receive actual notice satisfied the catch-all provision of Civ.R. 60(B)(5). We agree. Even if the judge concluded that service was adequate to confer jurisdiction under Patton, a party may still claim relief under Civ.R. 60(B)(5) by presenting unrebutted testimony that he did not receive actual notice of the complaint.[9] Furthermore, even though the judge found CTN blameworthy because it failed to ensure its mail would be forwarded, there is no indication that such neglect, as opposed to deliberate ignorance that might be tantamount to actual notice, compels or allows the denial of relief when a party has not received actual notice. When deciding a motion to vacate a default judgment, doubt should be resolved in favor of allowing the case to be heard on its merits.[10]
 {¶ 13} In addition to entitlement under one of the grounds listed in Civ.R. 60(B)(1) through (5), CTN was also required to allege a meritorious defense and show that its motion was timely filed.[11] There is no argument that the motion was untimely, but Riley claims that CTN failed to establish a meritorious defense. We disagree, however, because Patman testified that Riley voluntarily resigned to take a job with another employer, and that he made no complaint of harassment or retaliation prior to his resignation. A party does not need to present evidence to satisfy Civ.R. 60(B), but needs only to allege a defense which, if proven, would entitle it to judgment in its favor.[12] Patman's testimony satisfies that standard.
 {¶ 14} Even if the judge had jurisdiction, under Patton, to enter the default judgment, CTN's motion entitled it to relief under Civ.R. 60(B)(5). Therefore, we find that the judge abused her discretion in failing to grant relief on those grounds. The assignment of error is sustained.
Judgment reversed and remanded.
 APPENDIX — ASSIGNMENT OF ERROR "The trial court erred in denying the motion to vacate defaultjudgment of appellant-defendant cleveland television networkbased on the unrebutted testimony of appellant that it satisfiedall requirements of [Civ.R.] 60(b)."
It is ordered that the appellant recover from appellee costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, J., and Gallagher, J., concur.
[1] Colley v. Bazell (1980), 64 Ohio St.2d 243, 18 O.O.3d 442, 416 N.E.2d 605, paragraph one of the syllabus.
[2] Cf. Jarrett v. Dayton Osteopathic Hosp., Inc. (1985),20 Ohio St.3d 77, 78, 20 OBR 407, 486 N.E.2d 99 (order vacating non-final judgment is itself not final).
[3] Scripps Howard had no standing to file a third party action under Civ.R. 14, and could interject itself into these proceedings only by a motion to intervene under Civ.R. 24.
[4] Civ.R. 60(B); GTE Automatic Elec., Inc. v. ARC Industries,Inc. (1976), 47 Ohio St.2d 146, 149-150, 1 O.O.3d 86,351 N.E.2d 113.
[5] We express no opinion on the propriety of Scripps Howard's involvement in this case, but note only that it does not affect the finality of the order on appeal.
[6] Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77,514 N.E.2d 1122.
[7] Patton v. Diemer (1988), 35 Ohio St.3d 68,518 N.E.2d 941, paragraph four of the syllabus.
[8] Usual place of business is the address for service of the complaint, and last known place of business is for service of motions, pleadings, etc. Civ.R. 5(B).
[9] Rafalski v. Oates (1984), 17 Ohio App.3d 65, 66-67, 17 OBR 120, 477 N.E.2d 1212.
[10] Id. at 67.
[11] GTE Automatic Elec., Inc., paragraph two of the syllabus.
[12] Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,20, 520 N.E.2d 564.