DECISION AND JUDGMENT ENTRY
{¶ 1} David Proctor appeals the trial court's confirmation of a magistrate's decision denying his motion for relief from judgment. Proctor contends that the court should have reversed the magistrate's decision because the Scioto County Child Support Enforcement Agency ("CSEA") failed to file an affidavit as required by Civ.R. 4.3(B)(1) when service by certified mail to an out-of-state defendant fails. We conclude that the CSEA could have either filed the affidavit or perfected service by ordinary mail under Civ.R. 4.6(D). Because the CSEA complied with Civ.R. 4.6(D), we hold that the court properly concluded that it did not also need to file the affidavit.
 {¶ 2} The CSEA filed a complaint to determine parentage and impose child support on Proctor based on his alleged paternity of Zion Dials. The Scioto County Clerk of Courts sent a summons and a copy of the complaint via certified mail to the post office box listed as Proctor's mailing address on the complaint. The post office returned the summons and complaint marked "unclaimed" to the Clerk's Office. Thereafter, counsel for the CSEA instructed the Clerk to serve Proctor by regular U.S. Mail with a certificate of mailing. The Clerk's Office complied with this request.
 {¶ 3} The court issued a notice of pre-trial hearing but Proctor failed to appear. Based on Proctor's failure to respond to the complaint or to appear, the court entered a default judgment against him, found that a parent-child relationship existed between Proctor and Zion, and ordered Proctor to pay child support in the amount of $1665.45 per month.
 {¶ 4} Nearly six months later, Proctor filed a motion for relief from judgment arguing that the default judgment was rendered without proper service and was, therefore, void. Alternatively, Proctor argued that he never received notice of the pending action and was entitled to relief from judgment under Civ.R. 60(B)(5). Proctor attached an affidavit attesting that he never received the summons or the complaint and that he had meritorious defenses to the complaint. Specifically, Proctor denied that he was Zion's father, denied that child support from him was appropriate, and argued that, if support was appropriate, the basis for the calculation of the support was incorrect.
 {¶ 5} The court scheduled a hearing on the motion before a magistrate; however, the parties apparently waived the hearing and agreed to submit the motion on their briefs. The magistrate issued a decision finding that service of process was proper and jurisdiction properly invoked and recommended that the court deny the motion. After overruling an objection, the court ultimately confirmed the magistrate's decision.
 {¶ 6} Proctor appealed the court's judgment, assigning the following error: "The trial court erred as a matter of law in confirming the Magistrate's Decision finding that Plaintiff's failure to file a "reasonable diligence" affidavit required by Civ.R. 4.3(B) was unnecessary."
 {¶ 7} In his sole assignment of error, Proctor alleges that the court erred in confirming the magistrate's finding that CSEA perfected service on him even though it did not file "an affidavit setting forth facts indicating the reasonable diligence [it] used to ascertain [his whereabouts]" as required by Civ.R. 4.3(B). He asserts that the default judgment entered against him is void because the court lacked jurisdiction due to the CSEA's failure to comply with this rule.
 {¶ 8} "It is rudimentary that in order to render a valid personal judgment, a court must have personal jurisdiction over the defendant."Maryhew v. Yova (1984), 11 Ohio St.3d 154, 156, 464 N.E.2d 538. Therefore, a default judgment rendered by a court without personal jurisdiction over the defendant is void. Thomas v. Corrigan (1999),135 Ohio App.3d 340, 343, 733 N.E.2d 1213. Here, Proctor argues that the trial court lacked jurisdiction over him because the CSEA failed to serve him with the summons and complaint in accordance with the Ohio Rules of Civil Procedure.
 {¶ 9} "The authority to vacate a void judgment is not derived from Civ.R. 60(B), but rather constitutes an inherent power possessed by Ohio courts." Patton v. Diemer (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, paragraph four of the syllabus. See, also, Cincinnati School Dist. Bd. ofEdn. v. Hamilton Cty. Bd. of Revision, 87 Ohio St.3d 363, 368,2000-Ohio-452, 721 N.E.2d 40. In other words, because a court has the inherent power to vacate a void judgment, a party who claims that the court lacked personal jurisdiction as a result of a deficiency in service of process is entitled to have the judgment vacated and need not satisfy the requirements of Civ.R. 60(B). State ex rel. Ballard v. O'Donnell
(1990), 50 Ohio St.3d 182, 553 N.E.2d 650, paragraph one of the syllabus; Cincinnati School Dist. Bd. of Edn. at 368; Patton at paragraph three of the syllabus.
 {¶ 10} Civ.R. 4.3 is the general rule that governs the service of process on out-of-state defendants. Civ.R. 4.3(B) provides that such defendants shall be served by certified or express mail evidenced by return receipt or, when ordered by the court, by personal service. Civ.R. 4.3(B)(1) provides that, when service by certified or express mail fails, "service is complete when the attorney or serving party, after notification by the clerk, files with the clerk an affidavit setting forth facts indicating the reasonable diligence utilized to ascertain the whereabouts of the party to be served."
 {¶ 11} It is undisputed that the CSEA's attempt to serve Proctor by certified mail failed and that the summons and complaint were returned to the Clerk as "unclaimed." It is also undisputed that the CSEA did not file the affidavit described in Civ.R. 4.3(B)(1). However, the magistrate found that the affidavit was unnecessary because the CSEA complied with the provisions of Civ.R. 4.6 by serving Proctor with the complaint and summons by regular mail at an address where it could be reasonably anticipated that he would receive it.
 {¶ 12} Civ.R. 4.6(D) provides that if a certified mail envelope is returned with an endorsement showing it was "unclaimed," the clerk shall notify the attorney of record. If requested by the attorney, the clerk shall send the summons and complaint by ordinary mail as evidenced by a certificate of mailing. Service of process under Civ.R. 4.6(D) is deemed complete when the fact of mailing is entered of record, provided the ordinary mail envelope is not returned showing an endorsement of failure of delivery.
 {¶ 13} In J.R. Productions, Inc. v. Young (1982), 3 Ohio App.3d 407,445 N.E.2d 740, the Tenth District Court of Appeals concluded that a plaintiff could obtain sufficient service of process upon a non-resident defendant by complying with Civ.R. 4.6(D) if an attempt at service by certified mail failed. The court held that the filing of an affidavit under Civ.R. 4.3 was unnecessary in such cases. The court recognized that: "While, in the most broad sense, the endorsement on the return envelope showed a failure of delivery, the specific reason checked for return was `unclaimed.' Civ.R. 4.6(D) is a specific provision applicable when a certified mail envelope is returned with an endorsement of "unclaimed"; whereas, Civ.R. 4.3(B)(1) is a general provision applicable in instances not having a specific procedure to be followed in another rule." Id. at 409. Several other courts have followed the reasoning ofJ.R. Productions and concluded that service of process on an out-of-state defendant can be perfected when certified mail is unclaimed by either
filing the affidavit described in Civ.R. 4.3(B) or serving the defendant by ordinary mail as contemplated in Civ.R. 4.6(D). See Lucas v. Green
(Oct. 21, 1999), Cuyahoga App. Nos. 74295, 74913, and 74914; Olezewskiv. Niam (Sept. 22, 1993), Montgomery App. No. 13936; Feehan v. Kramer
(Apr. 6, 1993), Hancock App. No. 5-92-9. See, also, Fink, Greenbaum, 
Wilson, Guide to the Ohio Rules of Civil Procedure (2005) 4.3-32, Section 4.3:14 and the additional cases cited there for the proposition that Civ.R. 4.6(D) is a proper way to obtain service after a failure of delivery under Civ.R. 4.3(B). We agree with this rationale and hold that the court did not err in finding that the CSEA was not required to file an affidavit in order to effect service on Proctor.
 {¶ 14} Proctor attempts to distinguish J.R. Productions by noting that the defendant in that case never claimed that there was a failure of delivery of the ordinary mail service such that he did not have actual notice of the action, only that the plaintiff should have ascertained a better address for him. Proctor notes that he submitted an affidavit stating that he never received service and, thus, J.R. Productions is inapplicable. We disagree. Although Proctor's observation is technically correct, we conclude that it has little relevance. Civ.R. 4.6(D) provides that service by ordinary mail is deemed complete so long as the envelope is not returned to the clerk. Here, the CSEA complied with the requirements of Civ.R. 4.6(D) and the postal service did not return the envelope to the clerk; therefore, service of process was proper under the Ohio Rules of Civil Procedure.
 {¶ 15} Nonetheless, Proctor could still assert that, even though the CSEA complied with the Civil Rules, he did not actually receive the summons and complaint and, therefore, the default judgment should be vacated under Civ.R. 60(B). See Riley v. Cleveland Television Network,
Cuyahoga App. No. 83752, 2004-Ohio-3299, at ¶ 12 (even though the court concludes that service was adequate to confer jurisdiction, a party may still claim relief under Civ.R. 60(B)(5) by presenting unrebutted testimony that he did not receive actual notice of the complaint). In fact, Proctor made this alternative argument in his motion for relief for judgment.
 {¶ 16} In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion.Buckeye Fed. S. L. Assn. v. Gurlinger (1991), 62 Ohio St.3d 312, 314,581 N.E.2d 1352; GTE Automatic Elec., Inc. v. ARC Industries, Inc.
(1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. If any of these three requirements is not met, the motion should be overruled. Svoboda v. Brunswick (1983), 6 Ohio St.3d 348, 351,453 N.E.2d 648. The question of whether relief should be granted is addressed to the sound discretion of the trial court and its determination should be reversed only upon a showing of an abuse of such discretion. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20-21,520 N.E.2d 564. Abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blackmore v.Blackmore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, a reviewing court is not free to substitute its judgment; but rather, it must be guided by the presumption that the findings of the trial court are correct. In re Jane Doe I
(1991), 57 Ohio St.3d 135, 566 N.E.2d 1181.
 {¶ 17} Although Proctor argued in his motion that he did not receive actual notice of the pending lawsuit and was therefore entitled to relief from the default judgment pursuant to Civ.R. 60(B)(5) even if the service by the CSEA was sufficient, he did not preserve this issue for appeal. The magistrate rejected Proctor's claim that the judgment against him was void based on the CSEA's failure to file an affidavit but never addressed his alternative argument under Civ.R. 60(B)(5). Although Proctor filed a general objection to the magistrate's decision, he never alerted the trial court to the fact that the magistrate had failed to consider his alternative claim. Therefore, Proctor cannot argue on appeal that the trial court erred by failing to grant him relief under Civ.R. 60(B)(5). See Civ.R. 53(E)(3)(d) ("[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."). It is unfair to claim on appeal that the trial court erred in regard to an issue it was not asked to address.
 {¶ 18} Because we conclude that the CSEA was not required to file an affidavit pursuant to Civ.R. 4.3 in order to perfect service on Proctor, we overrule his sole assignment of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion.