DECISION.
{¶ 1} Defendant-appellant Midwest Music Distributors, Inc., ("Midwest"), appeals the trial court's denial of its Civ.R. 60(B) motion to set aside a default judgment entered for plaintiff-appellee Cincinnati Bell Directory, Inc. ("Bell").
 {¶ 2} While we prefer judgments on the merits of a case, we cannot set aside a default judgment when 20 months had passed between the receipt of the complaint and the motion to set aside the judgment. And we believe, as did the trial court, that a corporate officer authorized to sign checks was also authorized to sign a certified-mail receipt.
 I. Advertisement Disagreement {¶ 3} In March 2003, Bell sued Midwest for failing to pay for advertisements run in Cincinnati Bell regional publications. Bell then perfected service through certified mail at Midwest's usual place of business five days later. When Midwest failed to answer the complaint, Bell moved for a default judgment, and one was entered for $35,667.98 in May 2003.
 {¶ 4} During the summer of 2004, Bell executed three successful bank garnishments. Midwest claimed that it never received notice of the complaint and was not aware of the default judgment until Bell made these garnishments.
 {¶ 5} In January 2005, Midwest moved to set aside the default judgment under Civ.R. 60(B) and filed a revised motion supported by an affidavit the next month. Midwest denied that an employee had signed for the complaint and argued that if an employee had signed for the complaint, that employee did not have the authority to do so and had failed to notify an appropriate authority at Midwest.
 {¶ 6} Midwest further alleged that it did not contract with Bell for advertising services for the years 1999, 2000, and 2001, and thus that it had a meritorious defense to the default judgment.
 {¶ 7} The trial court overruled Midwest's Civ.R. 60(B) motion. In doing so, the trial court found that the signature of Rusty Thompson, with various titles of "V.P., G.M., or Partner," appeared on the advertising orders for 2000 and 2001, and that Thompson wrote out a Midwest check for $2,300 in March 2004 in an attempt to pay down the delinquent account. The trial court also found that Thompson's signature on the advertising agreements matched the signature on the certified-mail receipt for service of the complaint. The trial court found no merit in Midwest's contention that Thompson was not its agent.
 II. Setting Aside Default Judgments {¶ 8} The issue presented is whether the trial court abused its discretion when it denied Midwest's Civ.R. 60(B) motion to set aside the default judgment. An abuse of discretion connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary.[1] Unreasonable means that no sound reasoning process supports the decision.[2]
 {¶ 9} Under Civ.R. 60(B), a court may relieve a party from a final judgment, order, or proceeding for a number of reasons: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment." The rule further provides that a motion should be made within a reasonable time — and for reasons (1), (2), and (3), it should not be more than one year after the judgment, order, or proceeding was entered.[3]
 {¶ 10} Thus, a party seeking relief from a default judgment under Civ.R. 60(B) must show (1) the existence of a meritorious defense, (2) entitlement to relief under one of the grounds set forth in the rule, and (3) that the motion is made within a reasonable time.[4]
 {¶ 11} Midwest contends that it met all three elements for the granting of its Civ.R. 60(B) motion to set aside the default judgment. In particular, Midwest asserts that (1) it had a meritorious defense — it did not contract for advertising services for the years 1999-2001; (2) it was entitled to relief under Civ.R. 60(B)(5) because it did not receive actual notice of the complaint; and (3) it filed its motion within a reasonable time, since it did not become aware of the default judgment until after Bell had started to make garnishments. None of Midwest Music's arguments strike a cord.
 {¶ 12} While cases generally should be decided on the merits, we cannot ignore the requirements of Civ.R. 60(B). The rule is an attempt by the Ohio Supreme Court to "strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done."[5]
 {¶ 13} In the present case, this litigation must end. Attached to Bell's response to Midwest's Civ.R. 60(B) motion were copies of the advertising agreements from 2000 and 2001 signed by Rusty Thompson, once in the capacity of "G.M and Partner" and twice as "V.P." Bell also submitted a check signed by Thompson in June 2004 that was intended to repay the delinquent account with Bell. The trial court concluded that Thompson's signature on these contracts and the check was exactly the same signature on the certified-mail receipt of service of Bell's complaint upon Midwest. We have examined the signatures — they are exactly alike. Therefore, Midwest did not have a meritorious defense to the default judgment.
 {¶ 14} As to the second element, Midwest claims that its motion fell under Civ.R. 60(B)(4) and (5). We fail to see how Civ.R. 60(B)(4) was implicated — no judgment had been satisfied, released, or discharged, and the prior judgment had not been reversed. And as for the catch-all provision of Civ.R. 60(B)(5) ("any other reason justifying relief from judgment"), we are not willing to extend it to include a situation where a "V.P., G.M, or Partner" of a business personally receives a complaint and then fails to respond for a year and eight months.
 {¶ 15} We agree with Midwest that failure to receive notice of a complaint is grounds for a court to set aside a judgment under Civ.R. 60(B)(5).[6] But that did not happen in this instance — there was a signature on the certified-mail receipt of the complaint — and it appeared to be that of Thompson, a person who used titles of "V.P., G.M., and Partner" on various advertising contracts, and who later signed checks for Midwest. Under traditional agency principles, Midwest cannot claim that it did not receive notice.
 {¶ 16} Finally, while Midwest argues that it moved to set aside the default judgment in a reasonable time, this contention is meritless. Midwest would like us to believe that it did not have notice of the default judgment until Bell started to garnish monies from Midwest's bank accounts. Midwest did file its Civ.R. 60(B) motion within seven months of the garnishments. (Even that seems a bit tardy when a bank account is being raided.) But this was more than a year and eight months after Thompson had certified the receipt of the complaint. This was not within a reasonable time.
 {¶ 17} We note that Midwest blames its failure to respond to the complaint on a "corporate representative [who] failed to notify the appropriate party of the pending action." This attempt to backdoor a reasonable-time argument under Civ.R. 60(B)(1)'s grounds of excusable neglect will not work. Midwest was simply too late.
 {¶ 18} For the foregoing reasons, we are not convinced that the trial court abused its discretion by overruling Midwest's motion to set aside the default judgment in favor of Bell. Its judgment is accordingly affirmed.
Judgment affirmed.
Hildebrandt, P.J., and Gorman, J., concur.
[1] See Franklin City Sheriff's Department v. State Emp.Relations Bd. (1992), 63 Ohio St.3d 498, 506, 589 N.E.2d 24.
[2] See AAAA Enterprises, Inc. v. River Place Community UrbanRedevelopment Corp. (1990), 50 Ohio St.3d 157, 161,553 N.E.2d 597; State v. Echols (1998), 128 Ohio App.3d 677, 669-670,716 N.E.2d 728.
[3] Civ.R. 60(B).
[4] See GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, 150-151, 351 N.E.2d 113.
[5] See Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9, 12,371 N.E.2d 214, quoting 11 Wright Miller, Federal Practice 
Procedure (1973) 140, Section 2851.
[6] See Riley v. Cleveland Television Network, 8th Dist. No. 83752, 2004-Ohio-3299.