[Cite as *Professional Fin. Servs. of Ohio, L.L.C. v. Peck*, 2021-Ohio-900.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| PROFESSIONAL FINANCIAL SERVICES OF OHIO, LLC, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2020-P-0074** |
| ANTHONY PECK, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Portage County Municipal Court, Ravenna Division, Case No. 2013 CVF 00643 R.

Judgment: Affirmed.

*Michael J. Lubes*, Sottile & Barile, 7530 Lucerne Drive, Suite 210, Middleburg Heights, Ohio 44130 (For Plaintiff-Appellant).

*James S. Wertheim*, 23811 Chagrin Boulevard, Suite 330, Beachwood, Ohio 44122 (For Defendant-Appellee).


THOMAS R. WRIGHT, J.

{¶1} Appellant, Professional Financial Services of Ohio, LLC ("PFS"), appeals the trial court's decision granting the motion to vacate of appellee, Anthony Peck. We affirm.

{¶2} PFS's sole assignment of error asserts:

{¶3} "The trial court erred when it granted defendant/appellee Anthony Peck's motion to vacate judgment and to stop garnishment (J.E., Aug. 24, 2020)."

> [A] default judgment issued by a court without jurisdiction over the person of the defendant is void. [*Sweeney v. Smythe*, Cramer Co., 11th Dist. Geauga Nos. 2002–G–2422 and 2002–G–2448, 2003-Ohio-4032, 2003 WL 21750638, ¶ 12]. The authority to vacate a void judgment is not derived from Civ.R. 60(B), but rather constitutes an inherent power possessed by Ohio courts. *Patton v. Diemer,* 35 Ohio St.3d 68, 518 N.E.2d 941, paragraph four of the syllabus (1988). When a court lacks personal jurisdiction over a defendant as a result of deficient service, that defendant is entitled to have the judgment vacated and need not satisfy the requirements of Civ.R. 60(B). *See State ex rel. Ballard v. O'Donnell,* 50 Ohio St.3d 182, 553 N.E.2d 650, paragraph one of the syllabus (1990).

*Famageltto v. Telerico*, 2013-Ohio-3666, 994 N.E.2d 932, ¶ 11 (11th Dist.); *accord Tax Ease Ohio, LLC v. Richards*, 2019-Ohio-5059, 150 N.E.3d 378, ¶ 7 (11th Dist.); *Chuang Dev. LLC v. Raina*, 2017-Ohio-3000, 91 N.E.3d 230, ¶ 28-29 (10th Dist.).

{¶4} Whether a judgment is void presents a question of law, which we review de novo. *Ostanek v. Ostanek*, 2020-Ohio-3930, 156 N.E.3d 932, ¶ 36 (11th Dist.), *appeal allowed,* 160 Ohio St.3d 1447, 2020-Ohio-5169, 156 N.E.3d 913.

{¶5} Service by ordinary mail under Civ.R. 4.6 raises a rebuttable presumption that proper service has been perfected. *Redfoot v. Mikouis*, 11th Dist. Trumbull No. 96-T-5398, 1996 WL 761224, *2 (Nov. 29, 1996). Thus, "[i]n the absence of objection or evidence to the contrary, it will be assumed that the address used by the plaintiff in the complaint is an address where it can be reasonably anticipated that mail service will be delivered to the defendant and apprise him of the pendency of the action and afford him an opportunity to present any objections." *J.R. Productions, Inc. v. Young*, 3 Ohio App.3d 407, 445 N.E.2d 740 (10th Dist.1982). And evidence that service was sent to the wrong address is sufficient to rebut the presumption. *Treasurer of Lucas Cty. v. Mt. Airy Investments Ltd.*, 6th Dist. Lucas No. L-18-1254, 2019-Ohio-3932, ¶ 15.

2

{¶6} Here, PFS filed a breach of contract complaint naming Anthony Peck as the sole defendant on February 25, 2013. Peck's address listed in the complaint and attached praecipe for service is 774 North Bridge Court, Macedonia, Ohio. The certified mail envelope sent to this address was returned to sender as unclaimed and unable to forward.

{¶7} Thus, PFS filed a second praecipe for service April 1, 2013 directing the clerk of courts to serve Peck at this address via ordinary mail; the clerk filed the certificate of mailing April 1, 2013.

{¶8} PFS subsequently sought and was granted default judgment against Peck in the amount of $12,887.31 plus interest and court costs. PFS then commenced garnishment against Peck, and he received a garnishment notice in April of 2020. Contending that this April notice was his first notice of the lawsuit and judgment against him, Peck moved to vacate the trial court's default judgment. He alleged the court's decision was void because it lacked jurisdiction since he had not been served with the complaint and did not reside at the address identified by PFS. The magistrate agreed and granted Peck's requested relief, explaining:

> The Plaintiff provided exhibits including the retail installment contract for an automobile, upon which the suit was based, certificate of title, credit application, agreement to provide insurance, and a paystub, all dated in the first two months of 2012. Further documentation infers Defendant remained at the address of 774 North Bridge Court, Macedonia until later in 2012.
>
> Defendant acknowledged and testified he lived at 774 North Bridge Court, Macedonia into 2013, but stated he moved in early 2013. Mr. Peck could not provide an exact date when he moved. Mr. Peck testified he had a lease for a different residence and offered to produce it but did not have the lease with him at the hearing.
>
> The Magistrate finds the service attempted was reasonably calculated to inform the Defendant of the pending suit. Though reasonably attempted, the presumption of service remains rebuttable: The Defendant may provide evidence of the lack of actual service.

3

Plaintiff provided a credit report and various documents used while attempting to repossess the vehicle. The Magistrate reviewed all documents provided by Plaintiff; however, the materials lack specific information indicating Defendant's residence in 2013. Further, the additional documents fail to establish Defendant's residence to be that at which service was attempted.

Plaintiff's Counsel argued his information does not provide a new address for Defendant until August of 2013. The lack of information as to Defendant's residence from late 2012 until August 2013 does not prove Defendant remained at 774 North Bridge Court, Macedonia though an inference may be drawn. The Magistrate finds the inference Defendant continued to reside at the address insufficient to support Plaintiff[']s position when juxtaposed with the evidence and inferences of Defendant's argument.

The Magistrate's Decision [that] the Court lacked personal jurisdiction and the Judgment should be set aside is based on more than a mere assertion of Defendant.

Defendant and his wife each provided affidavits stating they moved prior to the Complaint being filed on February 26, 2013. Defendant's testimony corroborated the affidavits.

Defendant Peck testified he moved prior to the attempted service, was not served with a copy of the complaint, and was not aware of the complaint or judgment until a recent garnishment.

Plaintiff's Counsel argued the affidavits and Defendant's testimony are self-serving. The Magistrate agrees the affidavits and testimony of Mr. Peck are self-serving, however the Magistrate finds the testimonial evidence of Defendant persuasive.

Significantly, the certified mail service of summons sent on February 27th, 2013 was returned "unclaimed" on March 25, 2013 after three attempts on March 2, 11, and 17; additionally, the Default Judgment granted May 13, 2013, mailed May 16, 2013 was returned on May 28, 2013 as "Unclaimed Unable to Forward". The certified mail summons and the regular mail delivery of the Default Judgment were both addressed to 774 North Bridge Court, Macedonia, Ohio 44056.

The Magistrate understands the need for finality in legal proceedings and the related public policy considerations. The Magistrate finds the veracity of Defendant's testimony accompanied by the original summons sent

4

certified mail and the return of the Default Judgment are sufficient inference and evidence to set aside the Default Judgment.

{¶9} The trial court agreed with the magistrate's decision and overruled PFS's objections stating in part: "the Court is clearly convinced that the Defendant, Anthony Peck, was not residing at 774 North Bridge Court * * * at the time service was attempted * * * [and that] Peck did not receive notice of this lawsuit, and was not properly served * * *."

{¶10} PFS's sole assigned error claims the trial court erred in believing Peck's testimony in light of the conflicting evidence, and specifically its exhibit M, an eviction notice that PFS claims refutes Peck's testimony.

{¶11} In short, PFS contends that Peck misrepresented his address at the time of the service of its complaint against him at the hearing before the magistrate and that PFS secured post-hearing evidence establishing this fact.

{¶12} In response to PFS's objections, the trial court held a hearing and considered its arguments and this new evidence. PFS submitted documents from another court proceeding regarding Peck's address at the time of service of PFS's complaint. PFS also pointed to alterations made to Peck's affidavit that show his testimony was inaccurate and lacking credibility.

{¶13} In response, Peck's counsel argued that regardless of where Peck lived at the time of the service of PFS's complaint against him, Peck did not receive it nor was he aware it was pending. Consistent with this argument, Peck testified at the May 2020 hearing before the magistrate that he had not learned or heard about the 2013 PFS lawsuit against him until April 2020 through his employer. Peck described where he had

5

lived at the time the suit was filed and confirmed that he was never served with a copy of the complaint and that he did not receive a copy of it by ordinary mail.

{¶14} As stated, the trial court overruled PFS's objections and adopted the magistrate's decision explaining that he believed Peck's testimony.

{¶15} Credibility determinations in an appeal from a decision granting a motion for relief from judgment are "within the purview of the trier of fact and will not be questioned by a reviewing court." *In re Dankworth Tr.,* 7th Dist. Belmont No. 14 BE 9, 2014-Ohio-5825, ¶ 46, citing *Seasons Coal Co., Inc. v. Cleveland,* 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984); *accord Whites v. Whites*, 11th Dist. Lake No. 91-L-008, 1991 WL 268926, *2. Thus, we will not supplant the trial court's credibility determination because it was in the best position to perceive the witnesses and determine their veracity. *Id.*

{¶16} Accordingly, PFS's sole assigned error lacks merit. The trial court's decision is affirmed.


MARY JANE TRAPP, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.