[Cite as *Murray v. Ace Painting of Akron, L.L.C.*, 2022-Ohio-1045.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

ELLIN MURRAY, INDIVIDUALLY AND
AS NEXT FRIEND OF MINOR CHILD
M.K.M., et al.

      Appellants

      v.

ACE PAINTING OF AKRON, LLC, et al.

      Appellees

C.A. No.     29959

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2020-09-2583

DECISION AND JOURNAL ENTRY

Dated: March 30, 2022

SUTTON, Judge.

**{¶1}** Plaintiffs-Appellants Ellin Murray and Gordon Murray (collectively the "Murrays") appeal from the judgment of the Summit County Court of Common Pleas vacating the default judgment entered against Defendants-Appellees Ace Painting of Akron, LLC ("Ace") and Scott Summerville and quashing service on Ace. This Court dismisses the appeal for lack of jurisdiction.

I.

**{¶2}** The present appeal arises from a car accident that occurred in Summit County, Ohio. The Murrays initially filed suit against Ace and Mr. Summerville in Stow Municipal Court and subsequently refiled the case in the Summit County Court of Common Pleas. That second complaint gives rise to the present appeal.

**{¶3}** When neither defendant filed an answer to the Murrays' second complaint, the Murrays filed a motion for default judgment. The trial court entered default judgment in favor of the Murrays on December 1, 2020, but deferred determination of damages for a later hearing. On January 13, 2021, the magistrate issued a decision setting forth a damages award.

**{¶4}** Ace and Mr. Summerville then filed a joint motion to quash service obtained on Ace, as well as a joint motion to vacate the default judgment entered against them. On April 1, 2021, the trial court granted the motion to quash service with respect to Ace and vacated the default judgment. By separate order issued April 2, 2021, the trial court also declined to adopt the magistrate's decision granting damages to the Murrays.

**{¶5}** The Murrays appeal those orders, raising seven assignments of error for our review.

II.

### ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED WHEN IT EXPRESSLY DECIDED THE MOTIONS TO QUASH AND TO VACATE BASED ON "PRACTICAL" CONSIDERATIONS RATHER THAN "TECHNICAL" LEGAL ONES.**

### ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED WHEN IT QUASHED SERVICE ON [MR.] SUMMERVILLE WHEN [MR.] SUMMERVILLE MADE NO MOTION, OFFERED NO EVIDENCE THAT HE WAS NOT PROPERLY SERVED, THE MURRAYS PROVED HE WAS PERSONALLY SERVED[,] AND THE MURRAYS REQUESTED DISCOVERY AND AN EVIDENTIARY HEARING BUT NONE WAS PROVIDED.**

### ASSIGNMENT OF ERROR III

**THE TRIAL COURT ERRED WHEN IT QUASHED SERVICE ON ACE WHEN THE MURRAYS SHOWED ACE'S ARGUMENTS AND EVIDENCE WERE INSUFFICIENT TO REBUT THE PRESUMPTION OF PROPER SERVICE, THE MURRAYS PROVIDED ACE WAS PROPERLY SERVED[,] AND THE MURRAYS REQUESTED DISCOVERY AND AN EVIDENTIARY HEARING BUT NONE WAS PROVIDED.**

## ASSIGNMENT OF ERROR IV

**THE TRIAL COURT ERRED WHEN IT GRANTED [MR.] SUMMERVILLE'S MOTION TO VACATE JUDGMENT WHEN [MR.] SUMMERVILLE MADE NO ATTEMPT TO OFFER ANY EVIDENCE, [MR.] SUMMERVILLE FAILED TO SATISFY THE *GTE AUTOMATIC* ELEMENTS AND THE MURRAYS REQUESTED DISCOVERY AND AN EVIDENTIARY HEARING THAT WERE NOT PROVIDED**.

## ASSIGNMENT OF ERROR V

**THE TRIAL COURT ERRED WHEN IT GRANTED ACE'S MOTION TO VACATE JUDGMENT WHEN ACE'S MOTION TO VACATE DEPENDED ON ITS FAULTY MOTION TO QUASH TO PROVE "EXCUSABLE NEGLECT", ACE FAILED TO SATISFY THE *GTE AUTOMATIC* ELEMENTS AND THE MURRAYS REQUESTED DISCOVERY AND AN EVIDENTIARY HEARING THAT WAS NOT PROVIDED.**

## ASSIGNMENT OF ERROR VI

**THE TRIAL COURT ERRED WHEN IT REJECTED THE MAGISTRATE'S DECISION AWARDING DAMAGES TO WHICH NO OBJECTIONS HAD BEEN MADE FOR NO REASON OTHER THAN THE FACT THAT THE TRIAL COURT HAD ALREADY ERRONEOUSLY DECIDED TO GRANT ACE'S MOTION TO QUASH AND ACE'S AND [MR.] SUMMERVILLE'S MOTION TO VACATE.**

## ASSIGNMENT OF ERROR VII

**THE TRIAL COURT ERRED WHEN IT FAILED TO SEVER AND ENTER JUDGMENT AGAINST [MR.] SUMMERVILLE.**

{¶6} This Court is obligated to raise matters related to its jurisdiction sua sponte. *See The Whitaker-Merrell Co. v. Carl M. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). Under Section 3(B)(2), Article IV of the Ohio Constitution, this Court's appellate jurisdiction is limited to the review of judgments, decrees, and final orders of lower courts. R.C. 2505.02 defines a final order in relevant part as:

> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> * * *

(3) An order that vacates or sets aside a judgment or grants a new trial[.]

**{¶7}** Having reviewed the trial court record, we conclude that the orders appellants have attempted to appeal are not final orders under R.C. 2505.02(B). First, with respect to the April 1, 2021 order granting the motion to quash service and vacating the default judgment, that order does not meet the requirements of R.C. 2505.02(B)(1) because it did not resolve the matter. Ultimately, that order concluded that the action would continue, allowing defendants to file answers to the complaint and contemplating the scheduling of an initial pretrial. Therefore, the April 1, 2021 order did not determine the action and is not a final order under R.C. 2505.02(B)(1).

**{¶8}** Nor is that order final under R.C. 2505.02(B)(3) as an order that vacated a final judgment. Ordinarily, a trial court's order vacating a judgment is a final, appealable order. *See* R.C. 2505.02(B)(3). However, if the "judgment" the moving party seeks to vacate is not itself a final order, then an order vacating that judgment is also not a final order. *See Jarrett v. Dayton Osteopathic Hosp., Inc.*, 20 Ohio St.3d 77, 78 (1985).

**{¶9}** Here, although the April 1, 2021 order granted defendants' motion to vacate the default judgment, the default judgment was not itself a final order because it deferred the issue of damages to a later hearing. An order that determines liability without resolving damages is not final and appealable. *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 546 (1997). Furthermore, although the magistrate issued a decision concerning damages on January 13, 2021, the trial court did not enter judgment on that decision. Without a trial court order entering judgment, damages remained unresolved. *See Harkai v. Scherba Industries, Inc.*, 136 Ohio App.3d 211, 218 (9th Dist.2000) ("[O]nly a judge -- not a magistrate -- may terminate a claim or action by entering judgment."). As a result, the default judgment was not a final order, nor is the April 1, 2021 order that vacated it.

{¶10} As for the April 2, 2021 order, which declined to enter judgment on the magistrate's damages decision, that order also fails to meet the finality requirements of R.C. 2505.02(B). The April 2, 2021 order rejected the magistrate's decision as moot because the default judgment had been vacated. But it did not in any way determine the matter before the trial court, which remains subject to further proceedings. As a result, the April 2, 2021 order is not a final order pursuant to R.C. 2505.02(B)(1).

{¶11} The parties received notice from the trial court pursuant to Civ.R. 58(B) that informed them the April 1, 2021 order was a final appealable order, and the April 2, 2021 order contained language indicating it was a final appealable order. While the trial court may have viewed both orders as final and appealable, "merely reciting the 'no just reason for delay' language or asserting that an order is final and appealable cannot transform an otherwise non-final order into one that is final and appealable." *Hack v. Keller*, 9th Dist. Medina No. 14CA0036-M, 2015-Ohio-4128, ¶ 12, citing *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 354 (1993), citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86 (1989). "Furthermore, the determination as to the appropriateness of an appeal lies solely with the appellate court." *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, ¶ 10.

### III.

{¶12} For the foregoing reasons, the Court concludes that the orders appealed are interlocutory orders that are not immediately appealable under R.C. 2505.02(B). Therefore, we are without jurisdiction to consider the attempted appeal.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

 

BETTY SUTTON
FOR THE COURT

CARR, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

DEAN S. HOOVER, Attorney at Law, for Appellants.

JOSEPH H. WANTZ, Attorney at Law, for Appellees.